## STATE *v.* HUNTER.

### Opinion delivered June 3, 1918.

1. ELECTIONS—TIME OF FILING CERTIFICATE OF NOMINATION.—Kirby's Digest, § 2780, requires that certificates of nomination of candidates for county offices shall be filed with the county election commissioners "not more than sixty days and not less than fifteen days before the election." *Held*, the statute does not mean that there must be fifteen full days intervening between the filing of the notice with the commissioners and the day of election; one of the days should be excluded in the count.

2.   ELECTIONS—NOMINATION BY PETITION OF ELECTORS.—Where a
     candidate for office is nominated·by petition of electors, no authen-
     tication, other than the signatures of the electors, is required.
3.   ELECTIONS—SUPPRESSION OF NOMINATION.—An indictment, under
     Kirby's Digest, § 2783, held sufficient which charged that the
     petition of the necessary number of qualified electors was filed
     with the defendants (election commissioners) and that they sup-
     pressed the nomination by failing and refusing to place on the
     official ballot the name of the candidate thus nominated.

Appeal from Perry Circuit Court; *Guy Fulk,* Judge;
reversed.

*John D. Arbuckle,* Attorney General, and *T. W.
Campbell,* Assistant, for appellant.

The indictment is direct and certain as to the of-
fense and circumstances thereof and states facts suffi-
cient to constitute a public offense. It was error to sus-
tain the demurrer. Kirby's Digest, § § 2777, 2783, 2790,
2779-80, etc.

*Sellers & Sellers,* for appellee.

1.   The demurrer was properly sustained. The cer-
tificate was not filed within the time prescribed. Kirby's
Digest, § § 2779, 2780; 42 Ark. 93; 52 *Id.* 265; 12 M. & W.
2; 62 Atl. 856; 4 Cyc. 366; 10 A. & E. Enc. L. (2 ed.) 638;
46 Pac. 457; 45 N. W. 996; 15 Cyc. 338.

2.   The indictment was not properly authenticated.
Kirby's Digest, § § 2824, 2790, 2777-9. It is indefinite and
uncertain and charges no public offense. *Supra.*

McCULLOCH, C. J. The defendants constituted the
board of election commissioners for Perry County, and
the indictment against them charges that they violated
the election laws by suppressing the certificate of nomi-
nation of N. C. Harris as a candidate for sheriff at an
election held in that county on November 7, 1916. The
court sustained a demurrer to the indictment, and the
State has appealed. The statute under which the indict-
ment was framed reads as follows:

"Every person who shall falsely make or fraudu-
lently destroy any certificate of nominations, or any part
thereof, or file any certificate of nominations knowing

the same, or any part thereof, to be false, or suppress any nomination which has been duly filed, or any part thereof, or forge or falsely write the name or initials of any judge of election on any ballot, shall be deemed guilty of a felony, and on conviction thereof punished by confinement at hard labor in the penitentiary not less than one nor more than five years.'' Kirby's Digest, § 2783.

It is charged in the indictment that a certificate of fifty or more qualified electors of Perry County in due form as prescribed by statute nominating N. C. Harris as a candidate for sheriff of Perry County, Arkansas, was duly filed with the election commissioners on October 23, 1916, and that the defendants as such commissioners ''did then and there wilfully, unlawfully, fraudulently, falsely and feloniously suppress and withhold the said nomination aforesaid, which nomination had then and there been duly filed with them according to law, and the said defendants aforesaid as such board of election commissioners aforesaid, did then and there unlawfully, wilfully, falsely, fraudulently and feloniously suppress, take, remove and fail and refuse to place the name of the said N. C. Harris, on the date nominated as aforesaid, on the official ballot to be voted on at the said general election.''

(1)     The first contention of counsel for defendants in support of the court's ruling is that the certificate of nomination was not, according to the statements of the indictment, filed with the election commissioners within the time prescribed by statute.   The statute (Kirby's Digest, § 2780) provides that certificates of nomination of candidates for county officers shall be filed with the county election commissioners ''not more than sixty days and not less than fifteen days before the election.''   The argument is that under this statute fifteen full days must intervene between the filing of the certificate and the election.   Counsel rely on the decision of this court in *Jones* v. *State*, 42 Ark. 93, where, under a statute providing that road hands ''shall have at least three days' actual notice'' before being required to work on public roads, the court held that the statute required three full

days to intervene between the giving of the notice and the day the work was to begin. We do not think that case controls the present one. We have another statute which provides that "where a certain number of days are required to intervene between two acts, the day of one only of the acts may be counted." Kirby's Digest, § 7822. Applying that rule to the language of the statute now under consideration, it does not mean that there must be fifteen full days intervening between the filing of the notice with the commissioners and the day of election. The language of the statute is that the notice shall be filed "not less than fifteen days before the election," and under the statutory rule of interpretation one of the days should be excluded in the count. Adopting that rule of construction, the certificate of nomination was, according to the allegation of the indictment, filed within the time prescribed by statute.

(2) It is next insisted that the indictment is not sufficient because it does not show that the certificate of nomination was authenticated otherwise than by the signatures of the electors. No method of certification is provided by statute, other than by the signatures of the electors themselves. The statute does not require that the certificate shall be verified by affidavit or that the signatures to the petition shall be acknowledged before any officer. No officer is authorized to certify the authenticity of the petition.

The statute (Kirby's Digest, § 2777) provides that a nomination of a candidate shall be certified by the chairman and secretary of a convention of delegates, or of the canvassing board of any primary election, "and also, by electors of the State, district, county, township, ward of a city or incorporated town, for which the nomination is made." It provides that certificates of nomination made by chairmen and secretaries shall be acknowledged before an officer, but there is no such provision concerning nomination made by petition of electors. The authority necessarily falls upon the election commissioners to ascertain the authenticity of the signatures to the petition, for the

statute does not point out any other method of ascertaining or certifying the authenticity thereof, and if they wilfully destroy or suppress a certificate of nomination they are guilty of an offense under the statute.

(3)    The indictment is sufficient in charging that the petition of the necessary number of qualified electors was filed with the defendants, said election commissioners, and that.they suppressed the nomination by failing and refusing to place on the official ballot the name of the candidate thus nominated.

The court erred in sustaining the demurrer, and the judgment is reversed and the cause remanded with directions to overrule the demurrer.

HART, J., not participating.