The Honorable Gary M. Arnold Prosecuting Attorney 217 West Conway P.O. Box 1890 Benton, AR 72015
Dear Mr. Arnold:
This is in response to your request for an opinion on the following questions concerning the sufficiency of petitions submitted by an independent candidate for county judge:
 1. Is the following petition title sufficient? (I hereby affix my signature to this petition for Lindsey Bryant to get on the ballot as a candidate for Saline County Judge.)
 2. Do the signatures need to be notarized or in any way formally acknowledged?
It must be initially noted that this office does not generally determine the sufficiency of such petitions. We will note, however, in response to your first question, that reference must be made in this regard to A.C.A. 7-7-103 (Supp. 1989) wherein it states:
 Each elector signing the petition shall be a registered voter, and the petition shall be directed to the official with whom the person is required by law to file nomination certificates to qualify as a candidate, requesting that the name of the person be placed on the ballot for election to the office mentioned in the petition.
A.C.A. 7-7-103(c)(2) (Supp. 1989).
The proposed language set forth under your first question would appear to sufficiently comply with 7-7-103(c)(2), above.
With regard to your second question, Section 7-7-103 (Supp. 1989) does not reflect any such requirement, nor has our research disclosed any separate requirement pertaining to the acknowledgment of signatures on a petition to qualify as an independent candidate. Although Amendment 7 to the Arkansas Constitution clearly contains such a requirement with respect to initiative and referendum petitions, we cannot conclude, in the absence of some expression of legislative intent to this effect, that the requirement applies to independent candidate petitions. Compare A.C.A. 7-7-103(e) (Supp. 1989) (the sufficiency of a petition to qualify as an independent candidate may be challenged in the same manner as provided by law for challenging initiative and referendum petitions.)1 See also State v. Hunter, 134 Ark. 443,204 S.W. 308 (1918) (decision under prior law which similarly required no verification or acknowledgment of signatures on a petition to nominate an independent candidate; the court noted that there was no requirement under the statute that the signatures be acknowledged.)
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.