HARRIS *v.* PERRON.

5-2101                                   334 S. W. 2d 705

Opinion delivered May 2, 1960.

*Fred E. Briner,* for appellant.

No brief filed for appellee.

JIM JOHNSON, Associate Justice. This case involves a suit on a promissory note, set-off and counterclaim.

Appellants, Robert H. Harris and Adelyn Harris, on May 30, 1952, sold to appellees, C. F. Perron and Ruby Perron, a house and lot located in Benton for the sum of $21,000, of which amount a down payment of $10,905 was made. The balance of $10,095 was to be paid in monthly installments of $100 each. The down payment of $10,905 consisted of a cash payment of approximately $1,000 and delivery of a promissory note in the face amount of $13,500, dated July 26, 1949. This note was executed by Carl L. Barnes and Jewel Barnes, payable to the order of Henry V. Young and Nelle F. Young. At the time of the making of the down payment there was a balance owing on the note of approximately $9,095. The note was endorsed by the payees to appellees. Appellees in turn endorsed the note in favor of appellants. Default was made in payment of the note and suit was instituted in the Circuit Court of Saline County against C. F. Perron and Ruby Perron as endorsers on the note for the sum of $5,783.48, representing the balance due on the note after allowing all credits. A set-off and counterclaim was filed by appellees for fixtures and shrubbery which were removed from the premises after the sale and prior to delivery of possession in the amount of $5,000. Upon trial of the case before a jury a verdict in the amount of $83.48 was returned in favor of appellants. Thereupon, appellants moved for a judgment notwithstanding the verdict which motion was granted in part by the trial court in the amount of $783.48. This appeal is from the verdict of the jury and the ruling of the court.

For reversal, appellants contend that there is no substantial competent evidence to support the jury verdict and that the trial court committed error in failing to enter a judgment notwithstanding a verdict in favor of appellants in the amount of $4,256.48.

The record reveals the testimony to be undisputed that there is a balance due on the note of $5,783.48. Endorsement of the note was admitted by appellees. Therefore, the only question presented in trial of the case was the amount of set-off due appellees. The only testimony introduced on behalf of appellees regarding the set-off claimed is that of appellee, Ruby Perron. This testimony consisted of claims for specific amounts for the removal, by appellants, of three specific items which, according to appellees' testimony, were to remain with the house. The first item claimed is for the removal of three rugs or carpets from the dining room, living room and front bedroom. Appellee, Ruby Perron, testified that the value of these items was ''about $1,300 or $1,400.'' The second item claimed in the set-off is for a bamboo curtain which appellee testified appellant told her was worth $100. The third item claimed is for 17 camellias removed from the premises. The value of these was put at $7.50 each, being the replacement cost of each of the 17 camellias at $7.50 each, amounting to $127.50. This constitutes the only testimony introduced by appellee as to the value of property removed or damages claimed in the set-off. While giving appellee's testimony its strongest probative force, even though it was vigorously disputed by appellants, it is impossible for us to find, from appellee's own testimony, the value of the property removed and damages sustained to be in excess of $1,627.50.

The record contained other evidence which was immaterial to the issue here involved that could have easily confused the jury as to its duties and responsibilities in this case. However, on the basis of the competent evidence relative to the value of the property removed, or damages sustained by appellant, and since the jury had been instructed to award judgment to appellant in the amount of $5,783.48, reduced by the amount of the set-off, if any, the most the jury could have reduced the undisputed balance due on the note would have been $1,627.50.

Being unable to find any evidence in the record which would substantiate a reduction in a greater amount, we

are, therefore, compelled to follow our oft repeated rule that the question of sufficiency of evidence is a matter of law, there being no substantial evidence to sustain the verdict of the jury or the judgment of the trial court, and the cause appearing to have been fully developed, the judgment is reversed and the cause is remanded to the trial court with orders to enter judgment in favor of appellant in the amount of $4,155.98. See: *Shanks* v. *Clark,* 175 Ark. 883, 300 S. W. 453; *Jackson* v. *Carter,* 169 Ark. 1154, 278 S. W. 32.