MANPOWER, INC. OF TENN. v. MANPOWER, INC. OF
PULASKI COUNTY

5-4933                                         441 S.W. 2d 796

Opinion Delivered June 9, 1969

*Smith, Williams, Friday & Bowen* by *G. Ross Smith* for appellant.

*Willis V. Lewis* for appellee.

CARLETON HARRIS, Chief Justice. On October 1, 1962, Malcolm Keith Baker, appellee herein, contracted to purchase the franchise of Manpower, Inc. of Pulaski County, from Manpower, Inc. of Tennessee, hereafter called Manpower of Tennessee, for the sum of $11,000.00. The franchise was to remain in effect for a period of five years, with the option of renewal, except that appellant had the right to cancel, if certain conditions of the agreement were not complied with. The nature of the business consists in offering a variety of services to business concerns, including the supply of temporary employees. Manpower, Inc. of Tennessee is a subsidiary of Manpower, Inc. of Delaware, hereafter called Manpower, the home office being located in Milwaukee, Wisconsin.

On October 15, Baker, while at the home office in Milwaukee for training, executed a note for $7,500.00 to the First National Bank of Milwaukee, this note subsequently being assigned to Manpower, the note being endorsed by Baker's wife. This note was payable in monthly installments, which were to be concluded on November 15, 1963. Thirty-five hundred dollars was paid.

The first point of disagreement arose between the parties when Baker returned to Little Rock. It was, and is, his contention that the $11,000.00 sale price paid to Manpower included approximately $6,000.00 of office furniture and equipment; Baker found this equipment had been moved from the building when he returned from Milwaukee. Manpower denies that the agreement included this furniture and equipment.

When Baker commenced his operation, he was instructed to draw on the company bank account in Milwaukee as a matter of paying the Pulaski County employees, and this procedure was followed for the next several months. After the first of the year, various officials of the company called Baker, insisting that he sign a note for the amount that had been drawn to pay employees, and finally, on July 7, 1963, Baker signed this note in the amount of $5,718.45, the note being a demand note dated April 15, 1963. On January 14, 1965, Manpower instituted suit against Baker and wife, asserting that no part of the principal or interest of the $7,500.00 note had been paid, and seeking judgment in that amount. On the same date, Manpower of Tennessee instituted a complaint against Manpower, Inc. of Pulaski County and Baker, alleging non-payment of the note for $5,718.45, and seeking judgment for that amount, together with interest. The Bakers answered, denying the allegations of the complaints, and filed their own cross-complaint, (counter-claim), asserting that appellants had wrongfully taken possession of Baker's business, furniture and assets; it was alleged that he had been damaged in the sum of $34,000.00. Punitive damages were also sought in the amount of $50,000.00. Appellants responded to the cross-complaint, denying all allegations. The cases were consolidated for trial, and on hearing, the court, sitting as a jury, at the conclusion of the evidence, announced its findings, a part of which was incorporated into the judgment, as follows:

"There will be judgment for the defendant on the suit—on the notes in both cases, and there will be judgment for the defendant on the cross-complaint against the plaintiff for damages to his business in the sum of $7,500.00."

Judgment was then entered for appellee on both notes, and appellee was also awarded judgment for $7,500.00 on the cross-complaint. From the judgment so

entered, appellants bring this appeal.' Several points are urged for reversal, but we discuss only the first, since error was committed and the judgment must be reversed, and the case remanded.

It is first argued by appellants that the court committed error in failing to enter judgment for appellants on the two promissory notes, admittedly executed by appellee; that even if appellee established the right of set-off against the amount owing on the notes, such a finding would not constitute a defense to the execution of the notes, and there was no legal basis for the court to simply refuse to grant a recovery. We agree that error was committed. Baker does not allege forgery or fraud in the execution of the instruments; to the contrary, the signing of the notes is admitted. It was likewise admitted that no payments had been made on either note. It is true, of course, that any set-off established by a counter-claim could properly be allowed as a credit against the amount of the note. In *Harris* v. *Perron*, 232 Ark. 162, 334 S.W. 2d 705, we said:

> "The record reveals the testimony to be undisputed that there is a balance due on the note of $5,783.48. Endorsement of the note was admitted by appellees. Therefore, the only question presented in trial of the case was the amount of set-off due appellees. The only testimony introduced on behalf of appellees regarding the set-off claimed is that of appellee, Ruby Perron. This testimony consisted of claims for specific amounts for the removal, by appellants, of three specific items which, according to appellees' testimony, were to remain with the house."

---

'This case was tried by Judge Tom Gentry, but Judge Gentry resigned from office before judgment was entered. The judgment was subsequently entered, on Gentry's findings, by the present Circuit Judge of the Pulaski County Circuit Court, Third Divi sion, the Honorable Tom Digby.

The court, in rendering its findings, heretofore quoted, gave no explanation for disallowing any recovery on either of the notes, and one would have to assume that he found nothing to be due because of the fact that amounts due under the counter-claim were greater than the total amount claimed by appellants.   In fact, to conform to the judgment entered, it was necessary that the court find that the counter-claim by appellees exceeded appellants' claim by $7,500.00, meaning that the counter-claim had a value of $20,718.45.   Here, again, the trial judge did not explain the basis of the award, though in remarks preceding those appearing in the judgment, it appears that an allowance of $6,000.00 might have been made on the basis of the court's finding that the furniture and equipment had been purchased by appellee, but had been removed by appellant.   There is nothing in the remarks of the trial judge indicating the basis for the balance of the counter-claim allowed, $14,718.45,[2] though the figures indicate that a part of the judgment was based on cancellation of the notes.

Since this case is being remanded for another trial, it might be here said that it is rather difficult to follow parts of the testimony, and a portion of the evidence is somewhat vague and speculative.   It would seem that more specific evidence could be offered by all parties to the litigation on some of the questions involved.

---

[2] Appellee argues a number of items which he contends supports recovery; however, he took no cross-appeal.   It is asserted that, because of the wrongful cancellation of his franchise, and the taking over of the business by appellants, he lost $118,560 00 in net profits, this figure being based on a five-year operation, the length of the franchise.   It is further contended that he was entitled to a credit of at least $1,787.42, a part of the money on deposit in the Union National Bank at the time of the cancellation of the franchise; it is contended that Manpower of Pulaski County held accounts receivable in the amount of $10,000.00; appellee argues that he was due the return of the $3,500.00 cash paid on the contract price; that he was due $7,500.00 that he invested in the business (not the $7,500.00 mentioned in the note); other lesser items are also included.

In accordance with the views herein set out, the judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.