WRIGHT *v.* SULLIVAN.

5-1689                                                         314 S. W. 2d 700

Opinion delivered July 1, 1958.

*H. H. MacAdams* and *Penix & Penix,* for appellant.

*Bruce Ivy,* for appellee.

GEORGE ROSE SMITH, J.   The issue in this case is whether the appellant Wright is entitled to have his name appear on the ballot in a Democratic primary to be held later this summer.   It is conceded that the appellee Sullivan duly qualified as a candidate for nomination to the office of county sheriff.   The only other candidate who attempted to qualify was the appellant, but by oversight he failed to file his corrupt practice pledge until May 2, the ticket having closed on April 30. Sullivan then filed this action for a declaratory judgment, naming Wright and the members of the Democratic county committee as defendants.   The trial court held

that the pledge had been filed too late and enjoined the committee from placing Wright's name on the ballot.

The statute requires that the corrupt p r a c t i c e pledge be filed ninety days before the election. Ark. Stats. 1947, § 3-1304. The difficulty lies in the fact that two primary elections have been necessary since the adoption of Amendment 29 to the constitution, which requires that party nominees receive a majority vote. Wright's pledge was not filed ninety days before the preferential primary, which will be held on July 29, but it was filed more than ninety days before the general or run-off primary, which will be held on August 12. Wright contends that the latter date should be controlling, since the law provides that when there are, as here, only two candidates for an office the contest is to be determined at the second primary election. Ark. Stats., § 3-212.

We think this question has been determined adversely to the appellant by the explicit language of the statutes. By Act 238 of 1943 the legislature declared that when there are only two candidates for an office "the time for filing pledges and payment of fees shall be reckoned from the date of the preferential primary election." Ark. Stats., § 3-212. In a later section of the same act it is directed that only the general primary shall be held if there are no races involving three or more candidates, "provided, however, the time for filing pledges and payment of fees shall be reckoned from the date on which the preferential primary would have been held had one been necessary." Ark. Stats., § 3-214. Thus the General Assembly has twice declared that the time is to be calculated from the date of the preferential primary even if only two candidates have qualified.

The appellant contends that in the statutes just quoted the reference to "pledges" should be taken to mean party loyalty pledges only, since those happen to be the only pledges that are mentioned elsewhere in the act. Ark. Stats., § 3-213. We think it reasonable to believe that the legislature meant to include both types of pledge in its mandate and thus to avoid the con-

fusion that would inevitably occur if the time for filing the corrupt practice pledge should be dependent, as the appellant insists, upon the number of candidates eventually seeking the office. It is conceded that the date of the preferential primary determines the time for the filing of the party loyalty pledge and for the payment of the ballot fee. We are not convinced that the legislature meant to fix a different date for the filing of the corrupt practice pledge, which is equally a requirement to be met by a candidate for office.

The appellant also asks us to hold that the filing of the pledge two days late amounted to a substantial compliance with the statute. This position might be well taken if no objection has been raised until after the election, for then the requirement could be regarded as directory; but we have often held that the provisions of the election laws are mandatory if enforcement is sought before the election. *Orr* v. *Carpenter,* 222 Ark. 716, 262 S. W. 2d 280; see also *Fletcher* v. *Ray,* 220 Ark. 844, 250 S. W. 2d 734. and *Byrd* v. *Short,* 228 Ark. 368, 307, S. W. 2d 871. The appellant cites a number of cases involving the principle of substantial compliance, but only in the case of *Fisher* v. *Taylor,* 210 Ark. 380, 196 S. W. 2d 217, was the objection made before the election. That case involved a party loyalty pledge executed on behalf of a member of the armed forces, serving on board ship, and we based our decision on the special consideration that the law accords to soldiers and sailors absent from home in defense of their country. It was specifically stated that the rule there applied would not be controlling "under ordinary and normal conditions," which are the conditions presented by the case at bar.

Affirmed.

HARRIS, C. J., concurs.

CARLETON HARRIS, Chief Justice, concurring. I agree that Act 238 of 1943, which directed that "the time for filing pledges and payment of fees shall be reckoned from the date of the preferential primary election", applies to all "pledges" and not just to party loyalty

pledges. I likewise agree that this provision is mandatory, since the word "shall", in my opinion, means "must". However, this Court has not always followed that rule. In the case of *Fisher* v. *Taylor*, 210 Ark. 380, 196 S. W. 2d 217, the Court permitted a pledge to be filed by a person other than the candidate, the candidate having given his power of attorney to his mother to act in that respect. While I agree that the *Fisher* case involved extraordinary circumstances, I also feel that the Court made a mistake in making any exception to the statute. In the first place, both the party loyalty pledge and corrupt practice pledge are personal pledges, and therefore should be made by the candidate himself. In the next place, I can think of no valid reason that would prevent prospective candidates from complying with the provisions of the Act. The pledge does not have to be filed on a particular day; in fact, it can be filed for months preceding the deadline. Accordingly, sickness, or other casualty occurring on a particular day, could not justify one in failing to comply with the Act.

Other cases are cited by appellant as authority for their contention that the statute is not mandatory which, as the majority opinion points out, were cases instituted, and determined by this Court after the election was over. I recognize the rule to be different where objection is raised before the election, in contrast to where litigation is commenced after the election, but I feel that some of the language used in prior decisions has justifiably given rise to the belief that the statute is not mandatory, and I am of the opinion that this Court should take the present opportunity to correct that language. For example, let us look at the case of *Spence* v. *Whitaker,* 178 Ark. 51, 9 S. W. 2d 769. There, the candidate mailed his corrupt practices pledge to the Secretary of the State Democratic Central Committee, instead of to the Secretary of State, as required by law. In holding that this constituted substantial compliance, this Court said:

"If one should deliberately fail or refuse to file the pledge required by the law, it would be the duty of the committee to refuse to put his name on the ticket. But

where, as in this case, the evidence shows that the candidate was guilty of no violation of the Corrupt Practice Act, that he intended in good faith to comply with the provisions of the law, and that no harm resulted,   *   *   *." such error did not deprive him of his right to have his name placed on the ticket. Further quoting from the opinion:

"The intention of the law is to assure fairness and honesty and the nomination of the man favored by a majority of the voters. If the Legislature had intended that a failure to file this pledge should deprive one of the right to have his name on the ticket when there was no question of any wrongful conduct or any attempt to violate or evade the law, it would have provided in plain language that this should operate as a disqualification."

In the case of *Taaffe* v. *Sanderson,* 173 Ark. 971, 294 S. W. 74, a candidate for sheriff filed a statement setting out that he was familiar with the corrupt practice act, but he did not add that he would, in good faith, comply with its terms, as required by the statute. This Court held that this form of pledge constituted substantial compliance.

In the instant case, it would be difficult for me to say that Wright's failure to file the pledge was deliberate—nor does the majority opinion so state. It is not contended that he has violated any election laws, or is contemplating the violation of same. He simply overlooked filing the pledge.

I reiterate my agreement with the result reached by the majority, but I also think that we should take occasion to make it clear that the word "mandatory" has the meaning given to it by the dictionary—"obligatory". I consider that when the provisions of a statute are mandatory, there is a peremptory or absolute command to comply with such statute. In other words, I would recognize no exception, and therefore, would point out that the reasons given by this Court in the *Spence* case, herein quoted, as justifying non-compliance with the Act, would no longer be considered excusable or justifiable grounds for failure to file the pledge.