DAVIS v. FOWLER ET AL.

5-1785 320 S. W. 2d 938

Opinion delivered February 9, 1959.

[Rehearing denied March 16, 1959.]

*Jeff Duty,* for appellant.

*Virgil D. Willis,* for appellee.

JIM JOHNSON, Associate Justice. Appellees, W. D. Baker, Guy Bennett and Dennis Pruitt were candidates in the 1958 Democratic Primary held in Newton County. They signed Corrupt Practice Pledge required by the election laws before their names were placed on the ballot in the Primary Election, certifying that they were

familiar with the provisions of Act 308 of the Acts of 1913, as amended by Act 109 of 1951, and that they would in good faith comply with the Act.

These men were nominated in the Democratic Primary of August 12th as follows: W. D. Baker for State Representative; Guy Bennett for Sheriff and Collector; and Dennis Pruitt for County Treasurer.

Thereafter, appellees failed to file with the County Clerk a statement regarding their expenses in the primary election as required by the Corrupt Practice Act. (Section 3-1308, Ark. Stats. 1947).[1]

More than 30 days expired after the primary and the Statute was not complied with by the appellees.

Thereafter the County Election Commission of Newton County, composed of appellees Troy Fowler, Walter Moten, and Frank Cheatham, prepared the ballots for the November 1958 General Election and made known their intention of placing the names of the said nominees on the General Election Ballot.

As soon as the intention of the Commission became known the appellant, Otis Davis, filed suit as a taxpayer in the Chancery Court seeking a Writ of Mandamus ordering and directing the Commission to omit the names of the above nominees from the General Election Ballot, reciting that the election expenses would be charged to the county and the taxpayers thereof.

This suit was filed on October 6, 1958, and the case set for hearing on October 14, 1958. On the day before the hearing of this action, October 13, 1958, the said nominees filed with the County Clerk a statement that they had no expenses to report. On the 11th day of October 1958, the County Democratic Central Commit-

---

[1] "Filing statement of expenses in primary.—Candidates in any primary election for State or district offices shall file with the Secretary of State, and candidates for county and township offices shall file with the county clerk and candidates for city or town offices shall file with the city clerk, or town recorder, a true, complete, itemized and verified statement of all campaign expenses paid or incurred by him or by others authorized by him except his actual personal traveling and hotel expenses. Said statement of expenses, as provided herein, shall be filed within thirty (30) days after the General Primary Election."

tee met in Special Session and nominated the said nominees for the respective posts.

The court rendered its decree, finding that the nominees had failed to file the required statement within the 30 days required by law. The court further found that such failure was by inadvertence. The Court then found that the Central Committee had made the nomination at the meeting referred to above. The court then found that the filing of the required statement after the expiration of 30 days was a substantial compliance with the Statute.

This appeal followed. For reversal, three points are urged. Under our view, as hereinafter set out, a discussion of these points is unnecessary.

Section 3-1311, Ark. Stats. The penalties for violation of the Corrupt Practice Act are as follows:

"The violation of any provision of this act (§ 3-1301—3-1312) shall be punished by a fine not exceeding one thousand dollars ($1,000.00), or by imprisonment in the penitentiary not exceeding one (1) year, or by both fine and imprisonment; and *any person convicted under the provisions of this act (§ 3-1301—3-1312) shall thereafter be ineligible to hold any office in this State.*"

It is obvious from a careful reading of this Statute that the ineligibility provision applies only after a person has been convicted. There is no contention here that the appellees had been convicted for any violation of § 3-1308. It is against public policy to restrict the free use of the ballot or place restraints on free elections, and we will not presume to do so unless specifically directed by statute. It has long been the rule that penal statutes and statutes which impose burdens and liabilities unknown at common law must be strictly construed in favor of those upon whom the burden is sought to be imposed, and *nothing will be taken as intended that is not clearly expressed. Fiser* v. *Clayton, State Treasurer,* and *Clayton, State Treasurer* v. *McAmis,* 221 Ark. 528, 254 S. W. 2d 315; *State* v. *International Harvester Co.,* 79 Ark. 517, 96 S. W. 119.

42

Following this rule, it must be concluded that the failure of appellees to strictly comply with the provisions of this Act does not *ipso facto* render them ineligible to hold office.

Judgment of the lower court is, accordingly, affirmed.