MARION HOWARD STILLINGER ET AL *v.* SAM B. RECTOR ET AL

5-6188                                    490 S.W. 2d 109

Opinion delivered February 12, 1973

*Thomas A. Glaze*, for appellants.

*Olmstead & McSpadden*, for appellees.

J. FRED JONES, Justice. The appellants and the appellees attempted to oppose each other as independent candidates for the various municipal offices to be filled in the town of Greers Ferry at the general election on November 7, 1972. The litigation was commenced when the appellants sought to enjoin the election commissioners from placing the appellees' names on the election ballots. The appellants alleged that they were the duly qualified independent candidates for the offices involved, and that the appellees were not so qualified because they had failed to file their political practice pledges with the county clerk within the time provided by law (§ 3, Act 42 of 1972).

The appellees answered by general denial and counterclaimed with similar allegations and prayer for relief. The trial court held § 3 of Act 42 to be directory rather than mandatory. He found that the appellants had properly qualified as independent candidates and had filed their pledges within the time and manner provided by law. He also found that the appellees had substantially complied with the provisions of Act 42 of 1972. The appellants' complaint was dismissed and the commissioners were directed to place the appellees' names as candidates on the general election ballots.

·On appeal to this court the appellants contend that the trial court erred in holding § 3 of Act 42 to be directory rather than mandatory and the appellees contend on cross-appeal that if the appellants are correct in their contentions, then the appellants are also barred as candidates in the general election because they are not familiar with the political practices act as they stated in their pledges.

Act 42 of 1972 is entitled "An Act To Amend Subsection (c) of Section 5 Of Article 1 of Act 465 of 1969, As Amended, (Ark. Stats. Section 3-105 (c) To Clarify The Election Law With Respect To The Procedure To Be Followed In Qualifying As An Independent Candidate For Municipal Office; And For Other Purposes." Section 1 of the Act provides that "independent candidates for municipal office may qualify by petition of not less than ten (10) nor more than fifty (50) electors of the ward or city in which the election is to be held. . . ." Section 2 of the Act provides, "independent candidates for municipal of- ·

fice *shall* file their petitions of nomination with the County Board of Election Commissioners not less than forty-five (45) days before the General Election," and section 3 provides as follows: "Independent candidates for municipal office *shall* file their political practices pledges with the County Clerk of the County not less than forty-five (45) days before the General Election." (Emphasis added).

Prior to the passage of Act 42 of 1972, Ark. Stat. Ann. § 3-1103 (Supp. 1971) provided in part as follows:

". . . candidates for county, municipal, or township offices shall file with the county clerk of the county, not later than 12 o'clock noon on the third (3rd) Tuesday of June, before the preferential primary election, a pledge in writing stating that he is familiar with the requirements of this Article [§§ 3-1101—3-1108] and will, in good faith, comply with its terms. Provided, persons nominated as independent candidates for municipal or township offices for which no political primary is held shall file such political practice pledge at the same time he files his petition for nomination as provided in § 13 (j) of Article 1 [§ 3-113 (j)] of this Act."

Ark. Stat. Ann. § 3-113 (j) (Supp. 1971) provides as follows:

"Certificates of nomination shall be filed not more than fifty-five (55) and not less than forty-five (45) days before the day fixed by law for the election of the person in nomination."

Thus it is seen that Act 42 of 1972 did little more than clarify the existing statutes as to the procedure to be followed in qualifying as an independent candidate, without political party affiliations, for municipal offices at the general elections in Arkansas. It appears undisputed that the 45 day deadline for filing as an independent candidate for the municipal offices involved in this case fell on September 23, 1972. It also appears that the plaintiff-appellants duly filed their petitions as municipal independent candidates with the county election commission and filed their political practice pledges with the county clerk on September 20, 1972. It further appears that the

defendant-appellees filed their petitions as municipal candidates for the same offices on September 19, 1972, but failed to file their political practice pledges until on October 3, 4 and 5, which was ten to 12 days after the filing deadline.

The appellants rely on *Wright* v. *Sullivan,* 229 Ark. 378, 314 S.W. 2d 700 (1958), as controlling the issues raised on this appeal and argue that we should follow our decision in that case and reverse the judgment of the trial court. The appellees seem to recognize that our holding in *Wright* v. *Sullivan, supra,* is applicable to the facts in the case at bar, but they argue that we should re-examine the *Wright* decision. They point to our decision in *Davis* v. *Fowler,* 230 Ark. 39, 320 S.W. 2d 938, where we held that the failure of a candidate to file a statement of expenses within 30 days *after a primary election,* did not bar the candidate's name from the general election ballot. They also quote from *Spence* v. *Whittaker,* 178 Ark. 51, 9 S.W. 2d 769, and argue that the language in that decision should apply here.

The decision in *Davis, supra,* is not in point with the case at bar because the filing of an expense account was not a statutory requirement for becoming a candidate and the candidate who violated the Act by not filing his expense account, was only ineligible to hold office after conviction for violating the provisions of the Act. The decision in *Spence, supra,* was rendered in 1928 and involved a primary election for the nomination of a Democratic candidate for the office of state senator. Spence and Whittaker were opposing candidates for the nomination and the statute provided for the filing of their corrupt practice pledge with the secretary of state. Whittaker filed his pledge with the secretary of state within time but Spence filed his pledge with the secretary of the Democratic State Central Committee who overlooked forwarding it on to the secretary of state for filing. Following intraparty protests by Whittaker, Spence's name was placed on the primary ballots; he received the majority of the votes cast in the primary election and was duly certified as the Democratic nominee. The circuit court, in a suit filed by Whittaker *after the primary election,* found that Spence was wrongfully deprived of the nomination and the right to have his name placed on the ballot for the general

election. The trial court held that there was no Democratic nominee for the office of state senator and a vacancy existed. This court reversed on appeal.

The *Spence* case is readily distinguishable on its facts from the case at bar. Furthermore *Spence* was decided under the provisions of Crawford & Moses' Digest, pertaining to Democratic party primaries, which provisions were considerably different from the provisions of Act 42 of 1972. In any event our decision in *Wright* v. *Sullivan, supra,* was rendered 30 years after *Spence* and we find nothing in the case at bar to justify our overruling *Wright* v. *Sullivan.*

It must be remembered that the filing of political practice pledges as well as the nominating petitions not less than 45 days before the general election, as required by Act 42 of 1972, is simply a requirement for acts to be performed by the individual in order to become an independent candidate for municipal office at such general election. The appellees seem to recognize the applicability of our decision in *Wright* v. *Sullivan, supra,* to the facts in the case at bar. In *Wright* we affirmed the judgment of the trial court holding that the filing of the pledge before the statutory deadline was mandatory and, in doing so, we said:

> "The appellant also asks us to hold that the filing of the pledge two days late amounted to a substantial compliance with the statute. This position might be well taken if no objection has been raised until after the election, for then the requirement could be regarded as directory; but we have often held that the provisions of the election laws are mandatory if enforcement is sought before the election."

On their cross-appeal the defendant-appellees contend that their own failure to file the political practice pledges within the time prescribed by law is nonprejudicial to the appellants for the reason that the appellants' names also should have been barred from the ballot because of the fact that they filed political practice pledges stating that they were familiar with the political practice Act while it was demonstrated that in fact they were not.

We are of the opinion that this contention is without merit for it is the timely filing of the pledge that qualifies the candidate to have his name on the ballot rather than the extent of his true familiarity with the provisions of the Act.

The judgment is reversed on direct appeal and affirmed on cross appeal.

BYRD, J., dissents.