The Honorable Bobby L. Glover State Representative Glover Building Carlisle, Arkansas 72024
Dear Representative Glover:
This is in response to your request for an opinion on the following question:
 Is a person a legal and lawfully filed candidate for a county office if the individual did not appear before the clerk with a receipt showing payment of filing fee and did not sign the required corrupt practice pledge and did not file the same with the clerk?
The first part of this question involves evidence of payment of required ballot fees. Of particular relevance to this inquiry is Arkansas Code of 1987 Annotated 7-7-301 which states in pertinent part as follows under subsections (c) and (d):
 (c) The county clerk shall not accept for filing the political practices pledge of any candidate for nomination by a political party to any county office . . . unless the candidate first furnished written evidence of payment of all ballot fees required by the political part for candidates for the office of which the person is seeking nomination and written evidence of the filing of all party pledges required by the political party, if any. `Written evidence' shall mean a written statement of receipt signed by the secretary or chairman of the county committee. . . . of the political part evidencing payment of the fees and filing of the party pledge, if any, required by the political party.
 (d) Any candidate who shall fail to file the party pledge and pay the ballot fee at the time and in the manner as provided in this section shall not have his name printed on the ballot at any primary election.
Section 15 of Act 123 of 1987 must be considered with respect to the filing of a practice pledge. Subsection (b) of Section 15 states:
 Party pledges, if any, and political practice pledges for primary elections to be held in 1988 shall be filed, and ballot fees shall be paid, during regular office hours in the period beginning at twelve (12:00) o'clock noon on December 22, 1987 and ending at twelve (12:00) o'clock noon on January 5, 1988.
The foregoing provisions clearly set forth the election requirements that are pertinent to your question. However, a review of relevant Arkansas case law indicates that resolution of this question may ultimately depend upon whether an objection to the person's candidacy is raised before or after the election. There may be an issue involving "substantial compliance" with the election laws if placement of the person's name on the ballot is challenged.
In Wright v. Sullivan, 229 Ark. 378, 314 S.W.2d 700 (1958), the Arkansas Supreme Court affirmed the trial court in holding that a corrupt practice pledge had been filed too late and enjoined the county committee from placing the candidate's name on the ballot. The appellant argued that the filing of the pledge two days late constituted "substantial compliance" with the applicable statutory requirement. 229 Ark. at 380. The Court rejected that argument, stating:
 This position might be well taken if no objection has been raised until after the election, for then the requirement could be regarded as directory; but we have often held that the provisions of the election laws are mandatory if enforcement is sought before the election.
Id; citing Orr v. Carpenter, 222 Ark. 716, 262 S.W.2d 280 (1953); Fletcher v. Ray, 220 Ark. 844, 250 S.W.2d 734 (1952); Byrd v. Short, 228 Ark. 369, 307 S.W.2d 871 (1958).
A similar result was reached in Stillinger v. Rector, 253 Ark. 982,490 S.W.2d 109 (1973), wherein the Arkansas Supreme Court cited with approval the case of Wright v. Sullivan, supra, refusing to overrule that decision. The appellees in Stillinger filed their political practice pledges ten to twelve days after the filing deadline. The Court reversed the trial court's ruling that the appellees had substantially complied with the provisions of Section 3 of Act 42 of 1972 which required that independent candidates for municipal office "shall file their political practices pledges with the County Clerk of the County not less than forty-five (45) days before the General Election." [The forty-five (45) day requirement was changed to sixty (60) days under Section 10 of Act 248 of 1987, which is codified at A.C.A.7-6-102(A)(3) (Supp. 1987)]. The Court referenced its decision in Wright v. Sullivan, noting that "[i]n Wright we affirmed the judgment of the trial court holding that the filing of the pledge before the statutory deadline was mandatory . . . .",253 Ark. at 986, and continuing by quoting the language of Wright with respect to the requirements being mandatory before and directory after the election. Id.
It may be concluded, based upon this body of case law, that if challenged prior to the election, placement of the person's name on the ballot will in all likelihood be enjoined upon a showing that the aforementioned election requirements were not met. However, a good faith attempt to comply with these requirements may form the basis for a successful counter argument if enforcement is sought after the election.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.