The Honorable Gus Wingfield State Representative P.O. Box 239 Delight, Arkansas 71940
Dear Representative Wingfield:
This is in response to your request for an opinion on two questions relating to the filing of candidates for the party primaries. Specifically, you indicate that A.C.A. 7-7-203
(Repl. 1993) states that the filing period for public office ends at 12:00 noon on the fourteenth day after the third Tuesday in March — in this case, 12:00 noon on March 29, 1994. You indicate that on this date a candidate for the office of Auditor of State (Miriam McRae Fitch) arrived at the Secretary of State's "table" at 12:05 p.m. to complete the filing process. An objection was raised to the filing as untimely, but the Secretary of State accepted the filing, explaining that if a prospective candidate had begun the process of filing at either the Republican or Democrat "table" prior to the noon deadline, they could complete the process at the Secretary of State's table.
You inquire as to who has the authority to change the time to file and whether this candidate for Auditor of State is properly filed as a valid candidate.
In response to your questions, it is my opinion that the deadline for filing as a candidate is set by statute, and this deadline may not be altered by anyone other than the legislature. The relevant question, however, is what steps the law requires by the noon deadline. Additionally, the question of whether a particular candidate, in this case Mrs. Fitch, is properly qualified, is one of fact, which can only be resolved by a judicial action.
As you have noted, A.C.A. 7-7-203 sets the deadline for filing "party pledges," if any are required, and for paying ballot fees. The statute also mentions "political practices pledges" and indicates that they are also to be filed within the deadline set by this statute. The statute provides that the filing period begins at noon on the third Tuesday in March and ends at noon on the fourteenth day thereafter. A.C.A.7-7-203(c). The "party pledges" are filed and the ballot fees are paid (for state offices) to the secretary of the state committee of the political party or his designated agent. A.C.A. 7-7-301(a)(1). This pledge is thus filed and the fees paid by Democratic candidates at the "Democrat table," as you refer to it, which is presumably manned by the secretary of the state committee of the Democratic party or his agent. An "affidavit of eligibility" must also be filed at this table. A.C.A. 7-7-301(b)(2). This statute also provides that "[a]ny candidate who shall fail to file the party pledge and pay the ballot fee at the time and in the manner as provided in this section shall not have his name printed on the ballot at any primary election." A.C.A. 7-7-301(d) (emphasis added). The last provision of this statute states that "[t]he names of candidates who file with the state committee as provided in this section shall be certified to the various county committees in the manner and at the time provided in7-7-203(d) [not later than forty days before the preferential primary election]." A.C.A. 7-7-301(e) (emphasis added). Thus, failure to file the party pledge, if required, and to pay the ballot fee by the March 29, 1994 noon deadline will result in the omission of the prospective candidate's name from the ballot.
The "political practices pledge," however, for state candidates, is filed with the Secretary of State. Although A.C.A. 7-7-203(c) appears to set the deadline for filing this document on the fourteenth day after the third Tuesday in March, another statute deals specifically with this "political practices pledge" and sets the deadline for filing it at noon on the first Tuesday in April. A.C.A. 7-6-102(a)(1) (Repl. 1993). The candidate thus has until April 5, 1994 at 12:00 noon to file this pledge. Even if this deadline is missed, there is a procedure to notify the candidate of the omission and to grant additional time to file this pledge prior to the candidate being made ineligible to be on the ballot. See A.C.A. 7-6-102(e) (as amended by Acts 1989, No. 755) and A.C.A. 7-6-102(e) (as amended by Acts 1989, No. 912). It is my understanding that the only action taken at the "Secretary of State's table" by the deadline set in A.C.A. 7-7-203(c) (March 29th), is the presentation to the Secretary of State of both a receipt for payment of the ballot fee and an "acknowledgment" by the party officials that the candidate has complied with the filing requirements of the party. In some instances, political practices pledges are filed at this time. These actions, however, are not required by statute to be completed by the March 29 noon deadline.
Thus, if the candidate in question has filed a political practices pledge by the April 5, 1994 deadline, or files in a timely fashion after the Secretary of State's notice of failure to file, the candidate is not ineligible to be on the ballot on this basis. A question may remain, however, as to whether the candidate in question completed the process of filing the "party pledge" and paying the ballot fee by the 12:00 noon March 29, 1994 deadline. That is, there still may be a question as to whether the candidate in question completed the filing process at the "Democrat table" by 12:00 noon. This is a question of fact which this office is not empowered or equipped to determine. See State v. Craighead County Board of Election Commissioners, 300 Ark. 405,779 S.W.2d 169 (1989) (holding that the board of election commissioners does not have the authority to remove a candidate's name from the ballot; mandamus coupled with a declaratory action is the appropriate remedy).[1]
Although the question will be one of fact, I can set out some legal principles which will govern the question. Arkansas cases, at lease those decided under prior law, indicate that filing deadlines, at least where set by statute, are mandatory, and "substantial compliance" is not sufficient where the filing is challenged prior to the election. See Wright v. Sullivan, 229 Ark. 378, 314 S.W.2d 700 (1958), and Stillinger v. Rector, 253 Ark. 982, 490 S.W.2d 109 (1973). See also Op. Att'y Gen. 88-041. But cf. Williamson v. Montgomery, 185 Ark. 1129, 51 S.W.2d 987 (1932) (deadline set only by party rule would not be enforced by court); Taaffe v. Sanderson, 173 Ark. 970 (1927) (substantial compliance found as to content of the pledge, not with respect to the filing deadline); and Spence v. Whittaker, 178 Ark. 51 (1928) (substantial compliance found where failure to file pledge was challenged post-election).
None of these cases, however, involved filings which were commenced prior to the deadline, but which were not actually completed until after the deadline. A case from another jurisdiction, however, sets out the legal test to be employed in such situations. In Flake v. State, 717 P.2d 369
(Alaska 1986), the court stated that "[t]he cases generally excuse late filings only where a candidate does everything possible to comply with a filing deadline, but is thwarted due to action by officials . . . [citing Painter v. Shaner, 667 S.W.2d 123 (Tex. 1984) (where filing office doors were locked two hours before the filing deadline, candidate was deemed to have timely filed)]. . . . In contrast, where a delay in filing is due solely to a candidate's actions the cases hold that the filing is not to be accepted."717 P.2d at 374-375 (citing Claveau v. Stark, 244 A.2d 822 (N.H. 1968)). See also Vandross v. Ellisor, 347 F. Supp. 197
(D.S.C. 1972) (candidate had no good excuse for late filing, simply waited until the last minute, and thus missed the filing deadline); Andrews v. Secretary of State, 235 Md. 106,200 A.2d 650 (1964) (filing deadlines are mandatory); Thompson v. Third Circuit Court of Appeal at Large District Democratic Executive Committee, 108 So.2d 677 (La. 1959) (filing deadlines are mandatory in absence of fraud). But see Bayne v. Glisson, 300 So.2d 79 (Fla. 1974) (where one hundred people crowded the filing room, and candidate was prepared to file before the deadline but couldn't, court upheld policy to allow such filers to complete filing).
Thus, the question of whether Mrs. Fitch is a properly filed candidate will involve a number of factual issues, and can only be resolved by a court after the taking of detailed evidence.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh
[1] As to whether a party committee has the authority to declare a candidate ineligible see A.C.A. 7-7-301(b)(1) and Craighead County, supra, at n. 2.