Mr. Loral M. Adcock, Chairman Desha County Board of Election Commissioners 150 Mohawk Dumas, AR 71639
Dear Mr. Adcock:
This is in response to your request for an opinion regarding a complaint filed with your election commission by a candidate for the office of Desha County Tax Collector. The candidate, Mrs. Jean Ellington, who was unopposed in the May primary, states that Mrs. Gaye Brown did not properly file for the general election as an independent candidate for this position. You have set forth the following set of facts:
The County Clerk advertised that her office would be open from 2-4 p.m. on the last filing date, May 1, 1994, which was on a Sunday. Mrs. Brown entered the clerks office shortly after 2:00 p.m. on that date with all papers filled out properly. She asked the County Clerk "was everything in order, and had she done all that was needed?" The County Clerk said, "yes, this is the way we ordinarily handle this." The County Clerk and the would-be candidate agree with this being their conversation.
The complaint is that the would-be independent candidate did not file with the County Election Commission. There is no evidence to contradict this fact. There was not anyone in the office from the Election Commission nor was anyone present to act for the Election Commission. This is a stipulation that all parties can agree on.
The Election Commission has a properly designated secretary that is a deputy in the County Clerks office. This person represents the Commission in ordinary filings at the clerks office. This was a Sunday filing, however, and the Commissions secretary was not present, neither had she authorized anyone to act in her place for the Election Commission.
Mrs. Brown says the County Clerk told her she had done all that was necessary.
You have asked for an opinion as to how this problem should be resolved.
It must be initially noted that the question of whether Mrs. Brown has met the independent candidate filing requirements in this instance may ultimately require a factual determination. This office cannot resolve factual issues; nor, in my opinion, does a board of election commissioners possess such authority. Thus, in my opinion, the problem may require resort to the courts for final resolution. I will, however, set forth what I believe are the relevant legal principles.
With regard to the applicable filing requirements, A.C.A.7-7-401 (Repl. 1993) states under subsection (e) that "[n]omination as a candidate without political party affiliation for election to any office shall be certified by petition of electors in the manner provided in 7-7-103." Section 7-7-103 states, under subsection (b):
 Any person desiring to have his name placed upon the ballot as an independent candidate without political party affiliation for any state, county, township, or district office in any general election in this state shall file as an independent candidate in the manner provided in this section no later than the date fixed by law as the deadline for filing political practice pledges and party pledges if any are required by the rules of the party to qualify as a candidate of a political party in a primary election or the first day of May, whichever is later.
It is thus clear that the independent candidate filing deadline in this instance was May 1. With regard to the manner of filing, subsection (c) of 7-7-103 states:
 [T]he petition shall be directed to the official with whom the person is required by law to file nomination certificates to qualify as a candidate, requesting that the name of the person be placed on the ballot for election to the office mentioned in the petition.
A.C.A. 7-7-103(c)(2) (Repl. 1993). See also Ops. Atty Gen. 90-171 and 90-112.
Independent candidates for county, township, and municipal offices file their "certificates of nomination" with the county board of election commissioners and the county clerk. A.C.A. 7-7-402(a)(2) (Repl. 1993). See Swiderski v. Goggins, 257 Ark. 164, 166,514 S.W.2d 705 (1974) (stating that "[c]ertificates of nomination for county office must be filed with the county election commissioners," citing Ark. Stat. Ann. 3-121 (Supp. 1973)).
The foregoing provisions outline the election requirements that are pertinent to your question. Research indicates that filing deadlines, at least where set by statute, are mandatory where the filing is challenged prior to the election. See Wright v. Sullivan, 229 Ark. 378,314 S.W.2d 700 (1958) and Stillinger v. Rector, 253 Ark. 982,490 S.W.2d 109 (1973). See also Op. Atty Gen. 88-041. Although so-called "substantial compliance" arguments have in some instances succeeded where enforcement was sought after the election (see, e.g., Spence v. Whittaker, 178 Ark. 51, 9 S.W.2d 769 (1928)), substantial compliance is ordinarily not sufficient where failure to file or a late filing is challenged pre-election. Id. But cf. Op. Atty Gen. 94-097, copy enclosed (discussing cases from other jurisdictions involving excuses for late filings). This office has therefore previously opined that if challenged prior to an election, placement of a candidates name on the ballot will in all likelihood be enjoined if it is shown that a political practices pledge was not timely filed. See Op. Atty Gen.88-041. See also Ops. Atty Gen. 88-290 and 88-297. Opinions 88-290
and 88-297 also addressed the question of whether a county board of election commissioners should accept the late filing of a political practices pledge and count write-in votes where the late filing allegedly resulted from the candidates reliance upon a state or county election officials statement that the person had fulfilled all requirements to be an eligible candidate. It was concluded therein that a board of election commissioners generally acts in a ministerial capacity, and that consideration of this type of allegation involves a factual review within the province of the courts. It was stated:
 While there may be instances in which a court would entertain arguments premised upon an election officials misstatement of filing requirements, it is my opinion that a board of election commissioners discretionary powers do not generally extend to this type of factual review.
Op. 88-297 at 3; see also Op. 88-290 at 2-3. It was thus concluded that a late pledge should not, as a general matter, be accepted.
With regard to the particular situation at hand, it appears from the facts presented that Mrs. Brown did not file her petition with the board of election commissioners, as required in A.C.A. 7-7-103(c)(2) and 7-7-402(a)(2). You state in your letter that the county clerks office was open from 2-4 p.m. "on the last filing date, May 1, 1994, which was on a Sunday." You also indicate, however, that there was no one present on that day to act for the election commission. Yet is must be noted that as a general rule, where the last day to act under a statute falls on a Sunday, the time is extended to the following Monday. See Vermeer Mfg. Co. v. Steel, 263 Ark. 323, 564 S.W.2d 518
(1978). It may therefore be concluded that Mrs. Brown could have filed her petition on Monday with the person in the county clerks office who represents the election commission. There is no indication under the facts presented, however, that Mrs. Brown attempted such a filing. The facts presented in your correspondence indicate that there has been no filing with the election commission. Her nomination as an independent candidate has therefore apparently not been certified in the manner provided in 7-7-103. See A.C.A. 7-7-401(e). Section7-5-207(a) states in relevant part:
 All election ballots provided by the county board of election commissioners of any county in this state for any election shall contain in the proper place the name of every candidate whose nomination for any office to be filled at that election has been certified to the commissioners and shall not contain the name of any candidate or person who has not been certified. [Emphasis added.]
A.C.A. 7-5-207(a) (Repl. 1993).
Because her nomination has apparently not been certified, it must be concluded that there has been no prima facie showing of a sufficient petition. See generally Carroll v. Schneider, 211 Ark. 538, 201 S.W.2d 221 (1947) and Swiderski v. Goggins, supra.
While the Arkansas Supreme Court has expressed its reluctance to allow an election commission to remove a candidates name from a ballot (see State v. Craighead County Bd. of Election Commrs, 300 Ark. 405, 779 S.W.2d 169 (1989) and the cases cited therein), it must be noted that prima facie compliance with the law was not in issue in those cases. The candidates had complied with applicable filing requirements. Rather, there was a factual dispute concerning the candidates eligibility; and the court in Craighead County, supra, held that "[t]he board may not exercise discretion or make findings of fact concerning the eligibility of a candidate." 300 Ark. at 410.
It appears, from the facts presented in this instance, that the election commission would indeed have to make factual determinations in order to place Mrs. Browns name on the ballot as an independent candidate. It seems that there is no dispute concerning the fact that Mrs. Brown did not file her petition with the election commission. While there may be a dispute concerning the reason(s) for the failure to file, it is my opinion that the board of election commissioners lacks the authority to delve into these facts. As stated in Craighead County, "[t]o allow the board to consider disputed facts, make findings, and act thereon, is to put it in the same posture as a judicial tribunal. The board, being a ministerial entity, simply does not have that power." 300 Ark. at 410.
It seems that in order to accept the filing in this instance, the election commission would have to make a determination that the failure to file on time was excusable. It is my opinion that the question of whether Mrs. Browns failure to file with the board of election commissioners is excusable is one of fact, which can only be resolved by a judicial action. While there are cases from other jurisdictions which indicate that there may be instances where a delay in filing will be excused (see Op. Atty Gen. 94-097 (copy enclosed)), I cannot conclude that the election commission has the power in this instance to undertake the type of factual review that would be required in order to make that determination. At this point, therefore, it is my opinion based upon the facts set forth in your request that Mrs. Brown has not qualified to be a candidate.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely, WINSTON BRYANT Attorney General
[*] This statute is now codified at A.C.A.7-7-402 (Repl. 1993). An amendment subsequent to Swiderski added the county clerk to the filing requirement.
[**] Please note that the filing requirements pertaining to political practices pledges were amended subsequent to issuance of these opinions to provide a grace period for filing the pledge. See A.C.A. 7-6-102(e) (Repl. 1993).
[1] These cases held that the board of election commissioners has the right to determine the prima facie sufficiency of the petition of an independent candidate for county office. Although the county clerk has now been included in the filing requirement (see n. 1, supra), it is my opinion that the election commission must still of necessity make the prima facie determination as to the certification, in light of 7-5-207(a) which, as set forth above, states that the ballot shall not contain the name of any person whose nomination has not been certified to the commission.