The Honorable H.G. Foster Prosecuting Attorney P.O. Box 1105 Faulkner County Courthouse Conway, Arkansas 72033
Dear Mr. Foster:
This is in response to Deputy Prosecuting Attorney Linda P. Collier's request for an opinion on the following question:
 Do City Aldermen running (citywide) in Damascus, Arkansas, need to file in both Faulkner and Van Buren Counties due to the fact that Damascus is situated on the county line?
It is my opinion that the answer to this question is unclear under Arkansas law, and that the issue could benefit from legislative clarification. It is my opinion, however, that if a candidate has properly filed in one county, his or her name should appear on the ballot in that county. The troublesome question is whether such candidate's name may also appear on the ballot in the other county, in which the candidate did not file. I cannot conclude under current law that there is any procedure for this. In response to your question, therefore, if a candidate wishes to be included on the ballot in both counties, he or she must, under current law, file in both counties. The county boards of election commissioners, however, are not authorized to exclude candidates names from the ballot because of a failure to file in both counties.
It is noted that there is some urgency as to obtaining as answer to this question as "ballots are being prepared at this time." I assume from this statement that the town of Damascus (an incorporated town with the mayor/council form of government) has, by proper resolution adopted under A.C.A. § 14-42-206(a) (Supp. 1995), authorized the holding of party primaries for its municipal offices.[1] To file for such a primary, municipal candidates must sign any relevant party pledges and pay applicable party filing fees to the secretary of the county committee of the political party. See A.C.A. § 7-7-301(a)(3) (Supp. 1995) and A.C.A. § 7-7-203(c) (Supp. 1995). Such candidates must also file a "political practices pledge" with the county clerk. See A.C.A. § 7-6-102(a)(1) (Supp. 1995). The question posed is whether municipal candidates for the office of aldermen (who are elected citywide) in an incorporated town which has territory in two different counties must file in each county (i.e., party pledges and filing fees with both the secretary of the Van Buren County political party and the appropriate Faulkner County political party) and political practices pledges with both the Van Buren County Clerk and the Faulkner County Clerk) all presumably in order to be included on the ballot in both counties at the primary election.
There is no helpful statute or case in Arkansas which addresses the question of where to file for candidacy in a municipal primary election in a citywide race where the municipality in question contains land in two separate counties. The relevant statutes simply refer to filing withthe county party committee or the county clerk, and do not envision a situation in which more than one county is involved. Practical problems may arise under current law with a dual filing requirement. For example, would a candidate for alderman in such city or town be required to pay party filing fees in both counties? Which county's party committee makes the eligibility determination required by A.C.A. §§ 7-7-301(b) and (c) (Supp. 1995)? Presumably, however, each county's party committee could undertake the determination for purposes of filing in its county only, and the payment of fees in such circumstances could be addressed by party rule. A larger practical problem arises, however, with a single county filing requirement for candidates in such towns. How are the names of candidates properly filing in one county certified to the county board of election commissioners of another county so that these names may appear on the ballot in the other county? There is currently no state law authorization or procedure for this action. The only statute which is remotely relevant is A.C.A. § 14-42-205 which provides as follows:
 (a) In all municipal elections in municipalities situated in two (2) or more counties, the county board of election commissioners in the county in which fewer residents of the municipality reside shall certify the election results in municipal offices and issues in that portion of the municipality located in such county to the election board of the county in which the greater number of residents of the municipality reside.
 (b) The county board of election commissioners in which the greater population of the municipality resides shall tabulate the votes cast on municipal offices and issues and shall certify the election results to the mayor of the municipalities as provided in § 14-42-204.
This statute might be cited as evidence of a legislative intent that candidates in cities or towns with territory in more than one county file in the county which contains the greater population of the city or town. The statute above is not squarely on point as to the filing of candidacy, however. Additionally, it does not address the question of how, if filing is required in one county only, the names of candidates properly filing in that county are certified to be on the ballot in the county in which they did not file. There is currently no procedure in the statutes to accomplish this action. If, therefore, a candidate has filed in one county and not the other, it is my opinion that the candidate's name should appear on the ballot in the one county in which he has filed, but that it may not appear on the ballot in which he has not filed.
It is my further opinion, in this regard, that the county board of election commissioners in either Van Buren County or Faulkner County does not have the authority to remove any candidates names from the ballot (if they have properly filed in that county) for failure to file in both counties, or failure to file in the county with the greater town population. In response to your question, therefore, filing in both counties is not required in order for a candidate's name to appear on a ballot at all. Although it has been held that the failure to timely file a political practices pledge is a reason to prevent a candidate's name from appearing on the ballot (see Lewis v. West, 318 Ark. 334,885 S.W.2d 663 (1994) and Stillinger v. Rector, 253 Ark. 982, 490 S.W.2d 109
(1973)), and it is provided that candidates who fail to file the party pledges and pay the party filing fee at the time and in the manner as provided in 7-7-301 shall not have their names printed on the ballot at any primary election (A.C.A. § 7-7-301(d)), it has also been held that county boards of election commissioners do "not have the authority to declare a candidate ineligible and remove his name from the ballot when there is a dispute concerning the facts or the law." State v. CraigheadCounty Board of Election Commissioners, 300 Ark. 405, 409, 779 S.W.2d 169
(1989). Although there may be no disputed facts in the situation at hand, it does appear that a dispute as to the law has arisen. In my opinion therefore, the county boards of election commissioners do not have the authority to determine as a legal issue (even with the aid of an Attorney General's opinion) that filing is required in both counties before the board can place the candidate's name on the ballot in its county. Such questions are properly addressed in a judicial forum. Id.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] These primaries were formerly conducted by the political parties themselves, but pursuant to recent legislation, are now conducted by the county boards of election commissioners. See A.C.A. § 7-7-201(b)(1) (Supp. 1995). Consequently, the preparation of ballots for primary elections, which was formerly undertaken by the county party committees, is now the task of the county boards of election commissioners. A.C.A. §7-7-305(a) (Supp. 1995). I therefore assume herein that it is the preparation of the ballots by the county board of election commissioners, whom you are charged by law to represent (A.C.A. § 7-4-106), which gives rise to your question.