JONES v. THE STATE.

TIME: *Computation of.*
When a certain number of days are required to intervene between two acts the day of one, only, of the acts is to be counted, but when a statute requires notice of at least a certain number of days before an act, this means so many full days, and the day of the notice and the act are both excluded from the computation.

APPEAL from *Yell* Circuit Court.
Hon. G. S. CUNNINGHAM, Circuit Judge.

*S. R. Allen and T. M. Gibson,* for appellant.
The use of the words "at least" means three clear days, as held in the English and Texas cases cited by the Attorney General.

*C. B. Moore, Attorney General,* for the State.
When a certain number of days are required to intervene between two acts, the day of only one of the acts may be counted. *Gantt's Digest, sec. 5648.*
But in England and Texas it has been held that the words "*at* least" mean so many clear or full days. *Robinson's Practice, vol. 1, ch. 78, pp. 430–1; 1 Texas, 107.*

SMITH, J. Jones was convicted upon an indictment which charged him with a failure to work upon the public roads. He was subject to road duty; but he alleges that he had not received timely notice of the proposed working. The statute under which he was indicted (*Gantt's Digest, sec. 5324*) provides for "at least three days' actual notice." He was warned late on Saturday evening to attend and work on the following Tuesday morning. The court charged that the notice was sufficient.

Section 5648 of Gantt's Digest directs that when a certain number of days are required to intervene between two acts, the day of only one of the acts is to be counted. This is the common practice everywhere. But it seems that when a statute requires notice of at least a certain number of days before a meeting, this means so many clear days; that is, the day of notice and the day of meeting are both excluded from the computation. Such is the rule in England. The cases are collected in *1 Robinson's Practice, ch. 78, pp. 430–1;* also in *Bishop on Written Laws, p. 110.*

The English rule was followed in *O'Conner v. Towns, 1 Texas, 107.* But in *State v. Gasconade, 33 Mo., 102,* the court, for the purpose of avoiding a forfeiture, departed from it; otherwise it would have been adhered to.

The defendant had but two full days' notice, when by law he was entitled to three.

Reversed and remanded for further proceedings.