## SHANKS *v.* CLARK.

Opinion delivered December 19, 1927.

1. LIMITATION OF ACTIONS—TIME OF COMMENCEMENT.—Crawford & Moses' Dig., § 6955, requiring the commencement of an action on a promissory note within five years after the cause of action shall accrue, *held* not to bar a recovery on a note to May 26, 1921, on which suit was brought and service obtained on May 26, 1926, since the cause of action did not accrue until the day following the date of maturity.

2. CORPORATIONS—LIABILITY OF PROMOTERS.—Promoters of an insurance corporation, who executed a note and signed names thereto, prior to its incorporation, as officers, without stating for whom or what company they were acting, were personally liable for the payment of the note according to its terms.

3. EVIDENCE—PAROL EVIDENCE RULE.—In an action on a promissory note signed by promoters as officers, without designating the corporation for which they acted, parol evidence was inadmissible

to contradict the terms of the note and to show that it was not to be paid except out of surplus to be accumulated by the insurance company to be organized by the makers of the note, and that the note was in effect evidence of purchase of stock or membership in the corporation.

4. APPEAL AND ERROR—JUDGMENT ON REVERSAL.—Where a case appears to have been fully developed on the trial, judgment on reversal will be rendered for the party entitled to recover.

Appeal from Ouachita Circuit Court, Second Division; *W. A. Speer*, Judge; reversed.

### STATEMENT OF FACTS.

This action was commenced in a justice court of Ouachita County, on the 26th day of May, 1926, upon a promissory note for $100, dated May 26, 1920, due one year after date, with interest at six per cent. Judgment was rendered in the justice court in favor of appellant and against the three appellees, the other signers of the note not having been served with a summons there.

On the hearing on appeal in the circuit court, appellees filed an answer denying liability on the note, and alleging that the $100 was paid by the plaintiff and accepted by the defendants in their official capacity as president, secretary and treasurer of the Mutual Fire Insurance Association of Arkansas, and was not intended as a loan to the defendants; but that the $100 was in payment for an interest in the said association as one of the partners or unit-holders. They also pleaded the 5-year statute of limitations as a bar to recovery.

The case was submitted to the circuit court, without a jury. The original note sued on was introduced as evidence, and reads:

"Guaranty loan fund for the Mutual Fire Insurance Association of Arkansas, as provided for in the by-laws of this association, article 5, section 1. Invest with us and receive interest on your money. From $10, $20, $50, $100, $1,000, with this company for one, two, three or five-year notes at 6 per cent., in denominations of the above statements, interest on each dollar invested, and return all of your money at the end of the time invested for; or,

if you desire, we will continue to pay you 6 per cent. as long as the amount is invested in this company.''

"Camden, Ark., May 26, 1920.

"One year after date we promise to pay to the order of Mrs. S. C. Shanks, one hundred dollars ($100), with interest at 6 per cent. per annum, value received.

"Due May 26, 1921.

"C. J. Allen, Secretary.

"T S. Sandefur, President.

"I. A. Clark, Treas.

"Names of trustees: T. S. Sandefur, Joe Copeland, George Hale, I. A. Clark, J. J. Oliver, N. E. Greer, C. J. Allen.''

The summons was also introduced, showing that it was issued and served on the defendants against whom judgment was rendered in the justice court on the 26th day of May, 1926.

T. S. Sandefur testified, over the objection of appellant, that he was a minister, and pastor of the Baptist Church; that he was president of the Guaranty Loan Fund for the Mutual Fire Insurance Association of Arkansas, which was not incorporated when the note was executed. They got a permit from the blue-sky department at Little Rock, and had been trying to get up an organization that would comply with the instructions of that department. The company was finally organized into a corporation, suspended business, and was wound up by a receiver. "The permit gave us authority to work out the organization, if we could, by pooling certain money together by persons that wanted to have insurance, but we could not issue policies until we got a charter, and had to raise $10,000 before operating a fire insurance company for the protection of the policyholders. It was paid out for losses and other expenses, and so forth." Said he collected this $100 from appellant, who was one of the promoters. "It was her part she was putting in to help raise the $10,000. * * * This money was to be paid back as the surplus accumulated. There was

never any surplus created." He was paid $100 a month salary after the charter was procured. "There were several hundred policies issued, but not all of the losses were paid—everybody wanted to burn down after we got started." A motion to exclude this testimony being overruled, exceptions were saved.

The court held that the note was ambiguous, and the testimony competent to explain its meaning, and found that the persons who signed the note were liable, it having been executed before the charter was procured by the promoters of the corporation, and that the signers were bound and liable thereon as members of a partnership. The court further found that the note was executed on the 26th day of May, 1920, due one year after date, May 26, 1921, and was sued on upon May 26, 1926, summons being issued and served that day, and held the note was barred by the statute of limitations, and rendered judgment accordingly, from which this appeal is prosecuted.

*Gaughan & Sifford* and *Don W. Harrell,* for appellant.

*Haynie, Parks & Westfall,* for appellee.

Kirby, J. Appellant's first assignment, that the court erred in holding her cause of action on the note barred under the 5-year statute of limitations, is well taken. The statute, § 6955, C. & M. Digest, provides: "Action on promissory notes, and other instruments in writing, not under seal, shall be commenced within 5 years after the cause of action shall accrue, and not afterwards." It has long been the settled rule that the maker has the whole of the day upon which the note becomes due in which to pay it, and that he cannot be sued until the next day, the day upon which the cause of action accrues. *Zackery* v. *Brown,* 17 Ark. 442; *Holland* v. *Clark,* 32 Ark. 697; *Moore* v. *Horsley,* 42 Ark. 163.

In *Peay* v. *Pulaski Co.,* 103 Ark. 601, 148 S. W. 491, the court said: "The rule for computing time in statute of limitations in this State is to exclude the first day

and include the last day," and, although the statute of limitations relative to promissory notes was not under consideration in that case, the rule as announced is not in conflict with the holding here, since the makers had the whole of the day upon which the note became due, one year after date, May 26, 1921, in which to pay it, the holder's cause of action did not accrue until the next day, the first day upon which suit could be brought.

The statute of limitations pleaded requires that an action on promissory notes shall be commenced within 5 years after the cause of action shall accrue, and not afterward. Since the cause of action did not accrue until the next day after May 26, 1921, upon which the note was due, and the suit was brought on May 26, 1926, the action was commenced within 5 years after the cause of action accrued, and was not barred by the statute, as the court erroneously held.

The note given and sued on, disregarding the printed matter above it, "Guaranty Loan Fund for the Mutual Fire Insurance Association of Arkansas," appears to be an ordinary promissory note signed by the individuals, as makers, with designation of agency affixed to their signatures respectively, as president, secretary, and treasurer, the appellees against whom judgment was rendered, and the other makers, upon whom no service was had, as trustees.

The association was still in the promotion stage, the corporation not having been organized, when the note was executed, and the appellees did not sign its name by them as officers of the association, but signed it as such officers without stating for whom or what company they were acting, and became personally liable to the payment of the note according to its terms. *Lawrence County Bank* v. *Arendt,* 69 Ark. 406, 65 S. W. 1052.

The parol testimony was inadmissible to show that the note, which, considered by itself, appeared to be given for money owing to or borrowed from the payee, was

not to be paid at all, except out of a surplus to be accumulated by a corporation thereafter to be organized, and was but evidence of a purchase of stock or membership in such corporation.

The court found, however, notwithstanding the admission of this testimony, that the signers of the note were personally bound to the payment, and such finding was supported by the testimony.

For the error designated in holding the cause of action barred by the statute of limitations, the judgment must be reversed, and, since the case appears to have been fully developed, judgment will be rendered here for the appellant in the amount of the note sued on, with interest. It is so ordered.