## RECONSTRUCTION FINANCE CORPO-RATION v. ASHER.

### No. 1946.

Court of Civil Appeals of Texas. Waco.

Nov. 11, 1937.

Rehearing Denied Dec. 2, 1937.

E. M. Dodson, of Marlin, for appellant.

Cecil R. Glass, of Marlin, for appellee.

ALEXANDER, Justice.

At the time the First National Bank of Lott went into the hands of a receiver it owned a note against Claud Asher for an amount in excess of $400, secured by a lien on certain personal property. Said note was then held by the Federal Reserve Bank as collateral to secure indebtedness owing to it by the defunct bank. Asher's account in said bank showed a credit in his favor of $94.07. Subsequently, he made payments to the receiver in amounts sufficient to reduce his note to $94.07, and then entered into a written agreement with said receiver by which it was agreed that, when said note was returned by the Federal Reserve Bank to the receiver, the amount of Asher's deposit in said bank, $94.07, would be applied as a credit on said note in full payment thereof and his account with the bank closed. Afterwards another receiver was appointed for said bank, and, when said note was returned by the Federal Reserve Bank, the new receiver, without crediting same with the item of $94.07, sold said note, after its maturity, along with the other assets of the defunct bank to the Reconstruction Finance Corporation. The Reconstruction Finance Corporation brought this suit on said note to recover the balance of $94.07 alleged to be due on said note and to foreclose the lien securing payment of same. Asher set up the agreement between himself and the original receiver and alleged that said note had been paid in full by the application of the amount on deposit to his credit in the defunct bank. The plaintiff, in reply, contended that, subsequent to the settlement agreement between Asher and the original receiver and after a new receiver had been appointed, it was found that there were some checks in the files of the bank that had been drawn by Asher on his account and paid by the bank but which had not been charged to Asher's account, and that, when said checks were so charged against said account, it was found that Asher had no funds to his credit to apply in discharge of the balance due on said note. The trial court found in favor of Asher. This ruling is assigned as error.

The Reconstruction Finance Corporation received the note in question after its maturity and therefore took it subject to all credits to which it was subject in the hands of the receiver.

It is admitted that Asher's account showed a credit in his favor of $94.07, at the time the defunct bank closed its doors. He was entitled, as a matter of law, to have the amount of this credit applied in discharge of his liability on said note, unless, as contended by appellant, there were other items owing by Asher to said bank and properly chargeable to said account. 6 Tex.Jur. 326; Live Stock State Bank v. Locke (Tex.Civ.App.) 277 S.W. 405; Austin, Banking Commissioner, v. Wortham (Tex.Civ.App.) 298 S.W. 620; Dennis v. Smith (Tex.Civ.App.) 49 S.W.2d 909.

The only evidence in the record touching Asher's liability on checks that had been drawn on his account and not

charged thereto is that of J. E. Masters, Jr., who was a bookkeeper for the last receiver of the defunct bank. He testified that some checks were found in the bank that had been neither posted nor canceled and that, just before the assets of the defunct bank were transferred to the Reconstruction Finance Corporation, in order to make the books show all the assets of the bank, he charged said checks to Asher's account and thus wiped out the credit on the books in his favor. (S.F. p. 42.) There was evidence that at the time these checks were first called to Asher's attention he denied owing them. (S.F. p. 32.) None of these checks were introduced in evidence and no proof was offered to show that they had been drawn by Asher or that they had been paid by the bank, and no other evidence was offered tending to show that they were properly chargeable to Asher's account. Some evidence was offered tending to show that former employees of the bank, in order to cover up shortages in their own accounts, had manipulated the accounts of some of the customers of the bank. The judgment of the trial court in favor of Asher constituted an implied finding that the checks in question were not properly chargeable to Asher's account. Assuming that the trial court so found, judgment was properly rendered in favor of appellee. This holding renders it unnecessary for us to determine whether the settlement agreement entered into between Asher and the receiver of the defunct bank was valid or invalid.

The judgment of the trial court is affirmed.