4-6242                                     144 S. W. 2d 22

Opinion delivered November 4, 1940.

*Ed. Trice* and *W. W. Grubbs,* for appellant.

*John Baxter* and *J. R. Parker,* for appellee.

McHANEY, J.   Appellant and appellee were opposing candidates for the office of county and probate judge of Chicot county in the recent democratic primary election, held August 27, 1940.   The county central committee met and canvassed the returns of the election on August 30, which showed that 2,644 votes were polled for the two candidates, of which appellee received 1,323 and appellant 1,321 votes, or a majority of 2 votes for appellee.   A certificate.of nomination was accordingly issued to appellee.

Thereafter, on September 9, 1940, at 6:45 p. m., appellant filed with the clerk of the circuit court his

complaint to contest the certificate of nomination issued to appellee on several grounds, which are unnecessary to enumerate here, and caused a summons to be issued for appellee, which was left with the clerk, together with a sufficient sum to cover the fee of the sheriff for service, and directed the clerk to deliver same to the sheriff on the following day, the sheriff's office being just across the hall of the courthouse from that of the clerk and being closed at that time. The clerk delivered said summons and fee to the sheriff on the next morning, September 10, at about 9 a. m. and service was promptly had. Said complaint, so filed, was verified by appellant and there was attached thereto the supporting affidavits purporting to have been made by fourteen qualified electors and citizens of Chicot county, before a duly qualified and acting notary public.

Thereafter, on September 16, 1940, appellee filed his motion to dismiss the action because the court was without jurisdiction to try same for two reasons: First, that the action was not commenced within 10 days as required by § 4738 of Pope's Digest; and, second, that the complaint was not supported by the affivadits of ten reputable citizens in that certain of the purported affiants signed same without the sanctity of an oath, without reading or having same read to them and without swearing that the allegations thereof were true.

The court sustained the motion to dismiss on both grounds, dismissed the complaint and this appeal is from that order. We think the learned trial court erred in so holding.

1. The statute above cited provides that the complaint shall be filed within ten days of the certification complained of. It was filed and a summons issued on September 9, which was the tenth and last day in which it could be filed. This is a short statute of limitations. In *Peay* v. *Pulaski County*, 103 Ark. 601, 148 S. W. 491, it was held that: "The rule for computing time in statutes of limitations in this state is to exclude the first and include the last day." Headnote 1. Therefore, excluding August 30, the day the committee acted, and including

September 9, the complaint was filed within ten days from August 30. In *Wilson* v. *Land,* 166 Ark. 182, 265 S. W. 661, the county central committee canvassed the returns and issued its certificate to Mrs. Land on August 15, the contest complaint was not filed until August 26, and it was held too late. It is true, in that case, that the court held that the contestant's cause of action accrued on the day the committee acted, but it did not hold that that day must be included in determining when the ten-day period ended, for, as a matter of fact, it ended on the 25th with that day excluded. But, it is further contended by appellee that, conceding the complaint was filed in time, still no action was commenced on that day by the mere filing of the complaint and causing a summons to be issued; that the delivery of the summons to the proper officer to be served is an essential step in the commencement of an action; and that its delivery to the sheriff the following day was not sufficient. This argument is based on language used by this court in *Simms* v. *Miller,* 151 Ark. 377, 236 S. W. 828; *Swartz* v. *Drinker,* 192 Ark. 198, 90 S. W. 2d 483, and *Peace* v. *Tippett,* 195 Ark. 799, 114 S. W. 2d 461. All these cases construed § 1251, Pope's Digest, or what is now said section, which provides: "A civil action is commenced by filing in the office of the clerk of the proper court a complaint and causing a summons to be issued thereon."

In the Simms case, 151 Ark. 377, 236 S. W. 828, this language was used: "The delivery of the writ to an officer is an essential part of the issuance of the writ, and until this is done an action is not properly commenced." Standing alone and not considered in connection with the facts in that case, the language supports appellee's contention. But not so when it is considered in the light of the facts, that Simms was sued before the bar of the statute, and a summons was issued and delivered to the sheriff, but was never served; that an alias summons was issued and served after the bar, and it was held the action was barred. In the *Swartz* v. *Drinker* case, *supra,* the language used can have no bearing here as the sole contention made there by appellants was that the chancery court was without jurisdiction because a suit was pending

in the circuit court. In *Peace* v. *Tippett,* the court quoted the language of Judge McCulloch in the Simms case, above mentioned, and said: "In the instant case, although summons was issued in form, it was delivered to an attorney for appellees, who retained it for almost fifteen months. This conduct negatived an intention that the summons should be served in a timely manner. Suit was not commenced when the summons was written, signed and delivered to the attorney."

Here, however, there is nothing to negative an intention on the part of counsel for appellant that the summons should be served in a timely manner, and it was so served. All the facts and circumstances show that the writ would have been delivered to the sheriff at once, had his office not been closed, and we think a delivery the next day was all the law requires. In fact the statute says an action is commenced when a complaint is filed and a summons is issued, and that was done within ten days. So the action was not barred.

2. Was the supporting affidavit sufficient? The trial court held, under the authority of *Thompson* v. *Self,* 197 Ark. 70, 122 S. W. 2d 182; *Kirk* v. *Hartlieb,* 193 Ark. 37, 97 S. W. 2d 434, and *Murphy* v. *Trimble, Judge,* 200 Ark. 1173, 143 S. W. 2d 534, that there were not ten supporting affiants, because not that many were properly sworn to the affidavit. Fourteen persons, including Walter Matthews, Jr., about whose signature no question is raised, signed the affidavit, reading: "We, the undersigned, upon our oaths, state: That we are qualified electors and citizens of Chicot county, Arkansas; that we belong to the democratic party; that we have read the foregoing complaint and that said complaint is true and correct, according to our best knowledge, information and belief." Then follows the fourteen signatures and concludes: "Subscribed and sworn to before me on this 9th day of August (evidently September), 1940," and signed by the notary public. We think the cases above cited and relied on by the trial court as supporting his decision do not do so, under the facts here. It is undisputed that each affiant signed the affidavit in the pres-

ence of appellant and the notary public and that each read the complaint or was told the substance and object of it and that each understood he was signing an affidavit for the purpose of permitting appellant to make the contest. The notary was asked: "State what statements were made by you, if any, and by Mr. Matthews to these people at the time they signed." And he answered: "Well, Mr. Matthews explained to them he was filing a contest and that he needed ten supporting affidavits and in most instances I explained to them, too, that I was, that that was what Mr. Matthews was doing and that I was acting as a notary public to take the affidavit." When asked if each of the affiants knew he was making an affidavit, he answered, "yes, I would say they did." And we think their testimony shows that they knew they were making an affidavit, all with the possible exception of affiant Kay. In *Cox* v. *State,* 164 Ark. 125, 261 S. W. 303, Cox appeared before the clerk to secure a marriage license and in doing so made affidavit that a girl under fifteen years of age was eighteen. He was indicted for perjury and convicted. His defense was that he did not make an affidavit—that he signed it, but was not sworn. This court held, to quote a headnote: "Where the defendant signed an affidavit for the purpose of swearing to it, knowing that the clerk regarded his act of signing as a method of making affirmation, a finding that he was sworn is warranted." So here, every affiant, with the possible exception of Kay, knew that he was signing an affidavit for the purpose of swearing to it, and that the notary regarded his act of signing as a method of making affirmation, and we hold the affivadit sufficient.

The judgment will, therefore, be reversed, and the cause remanded with directions to overrule the motion to dismiss, and for further proceedings.