STATE EX REL. HEBERT, PROSECUTING ATTORNEY *v.* HALL, SECRETARY OF STATE.

5-1429 308 S. W. 2d 828

Opinion delivered January 13, 1958.

*Q. Byrum Hurst* and *Virginia H. Ham,* for appellant.

*Bruce Bennett, Atty. General; Roy Finch, Jr., Chief Asst. Atty. General,* for appellee.

GEORGE ROSE SMITH, J. House Bill No. 268 of the 1957 General Assembly, purporting to change the meth-

od of selecting jury commissioners in the eighteenth judicial circuit, was vetoed by the Governor two weeks after the legislature had adjourned. This suit was brought by the prosecuting attorney for a decree declaring the attempted veto to have been ineffective and for a writ of mandamus requiring the Secretary of State to enroll the measure as a valid act. It is the plaintiff's theory that when the legislature adjourned the bill in question had already remained with the Governor for a sufficient time to become a law without his approval. The chancellor upheld the Governor's veto and accordingly dismissed the complaint.

Article 6, § 15, of the Constitution reads in part: "If any bill shall not be returned by the Governor within five days, Sunday excepted, after it shall have been presented to him, the same shall be a law in like manner as if he had signed it, unless the General Assembly, by their adjournment, prevent its return, in which case it shall become a law, unless he shall file the same, with his objections, in the office of the Secretary of State and give notice thereof by public proclamation within twenty days after such adjournment."

The decisive question is whether the specified period of five days elapsed between the presentation of this bill to the Governor and the subsequent adjournment of the General Assembly. The Governor's receipt for the bill shows that it was received by him at 3:27 p.m. on Friday, March 8, which sufficiently establishes this fact. *Whaley* v. *Independence County,* 212 Ark. 320, 205 S. W. 2d 861. The legislature adjourned at noon on Thursday, March 14, without any action on the bill having been taken by the Governor.

On these facts the bill did not become a law by reason of the Governor's failure to return it before the legislative adjournment. It is the settled rule in this state that in the computation of time the first day is to be excluded and the last day included. *Peay* v. *Pulaski County,* 103 Ark. 601, 148 S. W. 491; *State* v. *Hunter,* 134 Ark. 443, 204 S. W. 308. This method of calcu-

lation is not restricted to the field of statutory construction; it has also been followed in the interpretation of the Constitution. *Pafford* v. *Hall,* 217 Ark. 734, 233 S. W. 2d 72. In the case at bar we must therefore disregard Friday, March 8, the day on which the Governor received the bill. He was accordingly entitled to act on the measure within the ensuing five days, Sunday excepted, which were Saturday, Monday, Tuesday, Wednesday, and Thursday. Since the legislature adjourned at noon on the fifth day the bill had not yet become a law, and the Governor's veto power was therefore extended by the terms of the Constitution.

Affirmed.