Ernest HODGE *v.* WAL-MART STORES, INC., and Kirk Ward

88-105                                          759 S.W.2d 203

Supreme Court of Arkansas
Opinion delivered October 31, 1988

*Felver A. Rowell, Jr.,* for appellant.

*Robinson, Stanley & Marshall,* by: *Robert L. Robinson, Jr.,* for appellees.

DARRELL HICKMAN, Justice. The question in this case is one of computing time. The trial judge held that after the appellant took a voluntary nonsuit, he did not refile his complaint within the time required by law. We find a uniform rule which we apply to such situations dictates that the suit was timely.

The facts are undisputed. The appellant sued Wal-Mart and its local store manager Benny Cash on a slip and fall case in 1983. On May 8, 1986, the appellant took a voluntary nonsuit. On May 8, 1987, he refiled the suit against Wal-Mart but substituted Kirk Ward as a defendant in place of Benny Cash.

The statute in question, Ark. Code Ann. § 16-56-126 (1987),

states the appellant had one year within which to refile his action. The trial judge granted Wal-Mart's motion for summary judgment and held the complaint was filed one day late. (It is not disputed that Ward could not be included in the latter suit.)

The general rule in calculating a limitations period is to exclude the first day from the computation. *Peay* v. *Pulaski County*, 103 Ark. 601, 148 S.W. 491 (1912). We have applied that rule with considerable consistency. *State ex rel. Hebert* v. *Hall*, 228 Ark. 500, 308 S.W.2d 828 (1958) (where governor must veto bill within five days of receiving it, day of receipt is excluded); *Chavis* v. *Pridgeon*, 207 Ark. 281, 180 S.W.2d 320 (1944) (where notice of appeal to circuit court must be given within 30 days, exclude day on which lower court judgment was rendered); *Matthews* v. *Warfield*, 201 Ark. 296, 144 S.W.2d 22 (1940) (where election must be contested within ten days exclude day on which results are certified); *Shanks* v. *Clark*, 175 Ark. 883, 300 S.W. 453 (1927) (five-year limitation period for recovery on a note begins to run the day after the note is due).

This rule is referred to in our statutes and rules of civil procedure. Ark. Code Ann. § 16-55-119 (1987) provides:

Where a certain number of days are required to intervene between two (2) acts, the day of one (1) only of the acts may be counted.

ARCP 6(a) provides:

In computing any period of time prescribed or allowed by these rules, by order of the Court, or by any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included.

The appellee argues that in the case of *Wheeler* v. *Wallingsford*, 229 Ark. 576, 317 S.W.2d 153 (1958), we departed from this general rule. That case is distinguishable because the question before us now was not before the court in *Wheeler*; also, Rule 6(a) was not in force at that time.

A court should try to achieve uniformity in its decisions and this is an area in which we can easily do so. Rule 6(a) should govern. The day on which a nonsuit is taken should be excluded

from computation.

Reversed and remanded.