460

Eloise BAKER, et al. *v.* Phillip JACOBS, et al.

90-287                                                           798 S.W.2d 63

Supreme Court of Arkansas
Opinion delivered October 29, 1990

*Skinner Law Firm*, by: *Barbara L. Robertson*, for appellants.

*Woolsey & Wilson*, by: *Bruce R. Wilson*, for appellees.

OTIS H. TURNER, Justice. The appellants, Eloise Baker, Mary Louise Pearson, Beryl B. Wolfson, and Loren Lax, "individually and on behalf of the State of Arkansas," commenced this action in the Circuit Court of Johnson County on September 25, 1990. A writ of mandamus was sought to compel the Johnson County Election Commission to remove from the 1990 general election ballot certain of the Democratic Party nominees for Johnson County offices. The appellants contended that the nominees' failure prior to the party primaries to file Democratic Party loyalty oaths, referred to in Ark. Code Ann. § 7-7-203 (Supp. 1989) and § 7-7-301 (1987) and required by the rules of the Democratic party of Arkansas, renders their party nomination invalid.

The petitioners and respondent Johnson County Election Commission filed cross motions for summary judgment. This appeal is taken from a denial of the relief sought; we find it to be without merit and affirm.

The Democratic Party nominees whose nominations are challenged timely filed their political practices pledge as required by Ark. Code Ann. § 7-7-203(c) and filed with the county clerk the required "affidavit of eligibility" executed by the candidates and acknowledged by the Johnson County Democratic Committee's secretary. The candidates' names were then placed on the ballot for the party primary and, after a canvass of the votes, were certified by the Johnson County Committee to the state Democratic Party committee as the Democratic nominees for their respective offices. Thereafter, the nominees were certified to the Secretary of State as required by Ark. Code Ann. § 7-7-203(*l*)(1), as the Democratic Party nominees for their respective offices. All of this was accomplished without objection by any other candidate or member or official of the Democratic Party.

The appellants rely upon three points for reversal. It is, however, necessary that we consider only one issue — the standing of the appellants (petitioners below) to bring this action.

A careful search of the appellants' abstract and original record fails to reveal the identity of the appellants other than as "citizens and residents, and electors registered to vote in Johnson County, Arkansas." The statutory provisions relied upon by the appellants provide, in pertinent part: "[A]ll candidates at primary elections held by political parties shall file *any pledge required* by such party." Ark. Code Ann. § 7-7-301(a). (Emphasis added.) Further, "Party pledges, *if any*, and political practice pledges for primary elections shall be filed before the preferential primary election." Ark. Code Ann. § 7-7-203(c). (Emphasis added.) Clearly, the legislation leaves it up to the political party to determine whether or not a party loyalty oath is required.

Whether the party's rules dictate a loyalty oath, whether the loyalty oath requirement may or may not be waived, and whether certification or decertification results from a nominee's failure to execute a loyalty oath are matters generally left to the political party. An exception is provided for in Ark. Code Ann. § 7-5-801 (1987), which confers a right of action "on any candidate to contest the certification of nomination . . . within twenty (20) days of the certification complained of."

We know of no authority — and the appellants cite none — granting the electorate in general a right to challenge the

candidacy of a party nominee for failure of the nominating party to enforce a party rule. The party, in its discretion, may elect to require a loyalty pledge and in its discretion may waive such requirement subject only to a timely challenge by a *candidate* or a person with such a relationship with the political party so as to confer standing to challenge the party's action or inaction.

Finding no error, we affirm.

HAYS, J., not participating.

GLAZE, J., concurring.

TOM GLAZE, Justice, concurring. I concur. Even assuming the appellants had standing to bring this litigation, they were required to do so before the Democratic Primary Election in May 1990. This court has repeatedly recognized that the provisions of elections laws are mandatory if enforcement is sought before the election and directory if not raised until after the election. *Donn* v. *McCuen*, 303 Ark. 415, 797 S.W.2d 455 (1990); *Stillinger* v. *Rector*, 253 Ark. 982, 490 S.W.2d 109 (1973); *Wright* v. *Sullivan*, 229 Ark. 378, 314 S.W.2d 700 (1958). Here, appellants failed to commence their action until September 1990, more than three months after the primary election (and more than five months after the filing deadline for candidates). Accordingly, any filing requirements for party candidates became directory rather than mandatory after the primary election. At this late date, those candidates having failed to file a party loyalty oath (or political practice pledges) cannot be removed as a party nominee in the forthcoming General Election.