UNION NATIONAL BANK of Arkansas, Little Rock,
Arkansas *v.* Roy D. NICHOLS and Linda S. Nichols

91-47                                              807 S.W.2d 36

Supreme Court of Arkansas
Opinion delivered April 22, 1991

*J. Benton Dyke, Jr.,* for appellant.

*Ford & Blair,* by: *John M. Blair,* for appellees.

DONALD L. CORBIN, Justice. The sole issue raised by appellant in this appeal is whether the ten-day notice requirement of Ark. Code Ann. § 18-50-104(b) (Supp. 1989) is to be computed as ten consecutive calendar days or as ten days excluding intermediate Saturdays, Sundays or legal holidays, in accordance with the Arkansas Rules of Civil Procedure. Appellees claim there should be no appeal from the trial court's decision because of the automatic stay of 11 U.S.C.A § 362(a)(1) (West Supp. 1990) and an order of the bankruptcy court. We find that an appeal can be taken, and we affirm the trial court's decision.

On August 28, 1987, appellees, Roy D. and Linda S. Nichols, executed and delivered a promissory note to appellant, Union National Bank of Arkansas. On the same date, appellees executed and delivered to Union Modern Mortgage Corporation a Deed of Trust covering the real property around which this law suit is centered. In September of 1987, both the note and the Deed of Trust were assigned to Union National Bank of Little Rock. Monthly installments apparently were made and applied to the amount due on the promissory note through December 1, 1988, at which time the payments stopped.

On June 29, 1989, in the Office of the Circuit Clerk of Benton County, appellant, as required by Ark. Code Ann. § 18-50-103 (Supp. 1989), filed a Trustee's Notice of Default and Intention to Sell to foreclose all of appellees' interests in the subject property. As required by section 18-50-104, on July 11, 1989, appellant mailed to appellees by U.S. mail the notice of its intention to sell the property. On August 31, 1989, appellant purchased the property at the trustee's sale and, on September 13, 1989, served appellees with a Notice to Vacate. Appellees, however, did not vacate, and, on October 5, 1989, appellant filed the Complaint for Unlawful Detainer. A hearing was set for November 21, 1989.

On October 23, 1989, appellees mailed to appellant notice that they had filed bankruptcy under Chapter 13 of Title 11 of the United States Code. By order of the bankruptcy court filed February 1, 1990, the stay was lifted as to the subject property. The bankruptcy judge found that appellees raised issues concerning the non-judicial foreclosure sale which were not within its jurisdiction and held that "if it is determined by a court of

competent jurisdiction that the sale of August 31, 1989 was invalid then the bankruptcy court retains jurisdiction and the property would be in the estate."

On January 24, 1990, appellees filed an answer to the unlawful detainer complaint. In this answer appellees admitted that they were in possession of the subject property and that they were served with written notice to quit and demand for possession. They denied all other allegations and averred that the sale of the property did not occur in a manner specified by statute and should, therefore, be void.

On March 30, 1990, a hearing was held in Benton Circuit Court specifically to consider the validity of the sale. The trial court found that the ten-day requirement of section 18-50-104(b) should be strictly construed to require appellant to mail notice within ten (10) days; appellant failed to comply with the statute; and the sale of the property was invalid. It is from this ruling that this appeal comes.

Appellees contend that section 362(a)(1) and the bankruptcy court order of February 1, 1990, prohibit appellant from taking this appeal. Appellees argue that upon the trial court's finding the sale to be invalid, by the order of the bankruptcy court, the property became part of the bankruptcy estate; that appellant has not sought or obtained relief from the stay since the state court decision; and that the automatic stay of section 362(a)(1) prohibits the appeal.

The bankruptcy code in section 362(a)(1) provides, with certain exceptions, that a petition filed under this title "operates as a stay, applicable to all entities, of . . . the commencement or continuation, . . . of a judicial, . . ., proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, . . . [.]" However, section 362(d) provides for the court to "grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay[.]"

In its February 1, 1990 Order, the bankruptcy court found that appellant obtained a Trustee's Deed before appellees' Petition for Bankruptcy was filed and that the subject property was not property of the estate; it also lifted the stay as to the

property in issue until a determination of the validity of the sale could be made in a "court of competent jurisdiction."

It has been recognized in bankruptcy court that relief from the stay restores the prepetition legal relationship governed by nonbankruptcy law, unless the court provides otherwise. *Fidelity Nat'l Bank* v. *Winslow*, 39 Bankr. 869 (Bankr. N.D. Ga. 1984). We agree with the Arkansas Court of Appeals regarding this issue. In *McIlroy Bank & Trust* v. *Seven Day Builders of Arkansas*, 1 Ark. App. 121, 613 S.W.2d 837 (1981), the court of appeals held that the lift of a stay extends to final appeals. In that case, the trial court refused to consider a claim by the appellant bank against the appellee because the appellee had filed for bankruptcy prior to the entry of judgment. The trial court held the claim could only be asserted in the bankruptcy court. The court of appeals held:

> We cannot agree that appellee's bankruptcy in any way affected this cause of action. The record shows that although the bankruptcy court did enter a stay order against all proceedings against this appellee in the state courts by proper order, it subsequently relaxed the stay order in its entirety as to this specific case. When such a stay order is relaxed, full jurisdiction to proceed to a final conclusion is restored to the state courts.

*Id.* at 133-34, 613 S.W.2d at 843.

Because our constitution provides a right to appeal from all final orders of the circuit court, Ark. Const. art. 7, § 1, an appeal to this court is permitted to finally determine the validity of the sale of the property in issue.

Having determined that neither the order of the bankruptcy court nor section 362(a) prohibits this appeal, we address appellant's claim concerning the ten-day notice requirement of section 18-50-104. This statute sets out the required contents of a mortgagee's or trustee's notice of default and intention to sell and the persons who are entitled to receive such notice. Subsection (b) of that section provides:

> The mortgagee's or trustee's notice of default and intention to sell shall be mailed within ten (10) days of the recording of the notice by certified mail, return receipt

requested, postage prepaid, and by first class mail, postage prepaid, to the address last known to the mortgagee or the trustee or beneficiary of the following persons[.]

Appellant claims that, although the foreclosure statute gives a time within which notice must be given, it does not provide the method for computing that time, and, therefore, the Arkansas Rules of Civil Procedure should be applied in making the computation. More specifically, appellant argues that Ark. R. Civ. P. (6)(a) should be applied in determining what constitutes "ten days" for purposes of the non-judicial foreclosure procedure. Rule (6)(a) states that where "the period of time prescribed or allowed is less than eleven (11) days, intermediate Saturdays, Sundays, or legal holidays shall be excluded in the computation."

The following is the portion of Ark. R. Civ. P. 81 which addresses to what proceedings the Arkansas Rules of Civil Procedure are applicable:

> (a) Applicability in General. These rules shall apply to all civil proceedings cognizable in the circuit, chancery, and probate courts of this State except in those instances where a statute which creates a right, remedy or proceeding specifically provides a different procedure in which event the procedure so specified shall apply.

Act 53 of 1987 established a non-judicial procedure to "provide an efficient and fair procedure for the liquidation of defaulted mortgage loans to the benefit of both the homeowner and the mortgage lender." This procedure is codified at Ark. Code Ann. § 18-50-101 to -116 (Supp. 1989), which is entitled "Statutory Foreclosures." The procedure is designed to be effectuated without resorting to the state's court system, and therefore, is not a procedure "cognizable in the circuit, chancery, and probate courts of this State[.]" Thus, the Arkansas Rules of Civil Procedure do not apply.

Having determined the rules of civil procedure are not applicable, we turn to the statute. The first thing this court does in construing a statute is to look at the language of the statute and give it its ordinary meaning. *Woodcock* v. *First Commercial Bank*, 284 Ark. 490, 683 S.W.2d 605 (1985). The ordinary meaning of "ten days" is ten consecutive calendar days. Reading

section 18-50-104 with this ordinary meaning of "ten days," there is no need to refer to the rules of civil procedure to determine the date the notice was to have been mailed.

■ Calculating the period of time within which the notice is required to be mailed simply involves counting ten days from the day the Trustee's Notice of Default and Intention to Sell is filed with the "recorder of the county." This court has long followed the rule that, in calculating such a period, the day of the act or event from which the designated period of time begins to run is not to be included. In *Hodge* v. *Wal-Mart Stores*, 297 Ark. 1, 759 S.W.2d 203 (1988), we addressed this particular issue and stated the following:

> The general rule in calculating a limitations period is to exclude the first day from the computation. *Peay* v. *Pulaski County*, 103 Ark. 601, 148 S.W. 491 (1912). We have applied that rule with considerable consistency. *State ex rel. Hebert* v. *Hall*, 228 Ark. 500, 308 S.W.2d 828 (1958) (where governor must veto bill within five days of receiving it, day of receipt is excluded); *Chavis* v. *Pridgeon*, 207 Ark. 281, 180 S.W.2d 320 (1944) (where notice of appeal to circuit court must be given within 30 days, exclude day on which lower court judgment was rendered); *Matthews* v. *Warfield*, 201 Ark. 296, 144 S.W.2d 22 (1940) (where election must be contested within ten days exclude day on which results are certified); *Shanks* v. *Clark*, 175 Ark. 883, 300 S.W. 453 (1927) (five-year limitation period for recovery on a note begins to run the day after the note is due).

> This rule is referred to in our statutes and rules of civil procedure. Ark. Code Ann. § 16-55-119 (1987) provides:

> Where a certain number of days are required to intervene between two (2) acts, the day of one (1) only of the acts may be counted.

*Id.,* at 2, 759 S.W.2d at 203.

Applying the general rule to the case at bar, appellant filed a Trustee's Notice of Default and Intention to Sell on June 29, 1989. Its notice, to have been in compliance with section 18-50-104(b), could have been mailed on any day starting and including

June 30, 1989, through and including July 9, 1989. The notice was not mailed until July 11, 1989, thus, the sale of the property was not valid. We find no error in the trial court's ruling and affirm.

BROWN, J., not participating.