**In re Steve Eugene HENSON and Debra Kay Henson, Debtors.**

**Bankruptcy No. 92–70580M.**

United States Bankruptcy Court,
W.D. Arkansas,
Fort Smith Division.

April 20, 1993.

ment for a tractor lease.

Robert C. McKinney, Little Rock, AR, for Fleet Mortg. Corp.

Michael Hamby, Greenwood, AR, for debtors.

A.L. Tenney, Trustee, N. Little Rock, AR.

## ORDER

JAMES G. MIXON, Chief Judge.

On September 8, 1992, Steve and Debra Henson (debtors) filed a voluntary petition for relief under the provisions of Chapter 13 of the United States Bankruptcy Code. The debtors' proposed plan and schedules listed Fleet Mortgage Corporation (Fleet Mortgage) as a creditor holding a claim of $60,000.00 secured by a first deed of trust lien on the debtors' personal residence. The plan proposes that the debtors retain the residence and pay Fleet Mortgage the regular monthly note payment of $566.00, plus an additional payment of $150.00 on a $9,000.00 arrearage. On October 15, 1992, Fleet Mortgage filed an objection to confirmation of the plan. After a hearing on December 17, 1992, the matter was taken under advisement.

The proceeding before the Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L) (1988). The Court has jurisdiction to enter a final judgment in the case.

On September 29, 1989, the debtor executed and delivered a promissory note to First Western Loan Company (First Western) in the principal sum of $59,650.00, plus interest at the rate of 9½% per annum. On the same date, the debtors also executed a deed of trust in which they conveyed to John T. Hampton, trustee for the use and benefit of First Western, title to their personal residence to secure repayment of the indebtedness evidenced by the promissory note referred to above. The deed of trust was properly recorded with the Circuit Clerk of Sebastian County, Greenwood District, on September 29, 1989. On this same date, First Western assigned its interest in the note and deed of trust to Fleet Mortgage.

The debtors' residence is located in Sebastian County, Arkansas, which has two districts: the Fort Smith District and the Greenwood District. *See* Ark. Const. art 13, § 5; Ark.Code Ann. § 14–14–201 (Michie 1987). The debtors' residence is located within the Greenwood District of Sebastian County.

When the debtors' note payments became delinquent, Fleet Mortgage initiated a nonjudicial foreclosure proceeding pursuant to the Arkansas Statutory Foreclosure Act (Ark.Code Ann. §§ 18–50–101 to –116 (Michie Supp.1991)). On April 13, 1992, a trustee's notice of default and intention to sell was filed with the Circuit Clerk of Sebastian County, Greenwood District. The notice of default provided that the property would be sold at the main door of the Sebastian County Courthouse but failed to specify whether the sale would take place at the courthouse located in the Fort Smith District or the Greenwood District.

On June 23, 1992, the property was sold to Fleet Mortgage at a sale conducted at the Sebastian County Courthouse, Greenwood District. On the same date, Fleet Mortgage filed an affidavit of mailing and publication, an affidavit of sale, and a

trustee's deed, each with the Circuit Clerk of Sebastian County, Greenwood District. The debtors' bankruptcy petition was filed September 8, 1992.

Fleet Mortgage argues that it holds title to the debtors' residence pursuant to the sale that satisfied the promissory note executed by the debtors and, therefore, it is not a creditor and should not be included in the plan. The debtors argue that their residence is property of the estate because the statutory foreclosure sale is invalid due to irregularities in the sale.[1]

## DISCUSSION

11 U.S.C. § 541(a)(1) defines property of the estate as "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1) (1988). The proposed plan asserts that the debtors' interest in their residence constitutes the fee simple title subject to a consensual lien in favor of Fleet Mortgage. Fleet Mortgage correctly argues that the debtors currently do not possess such an interest in this property. Ark. Code Ann. § 18–50–111(b) provides, in part, as follows: "The trustee's ... deed shall convey to the purchaser all right, title, and interest in the trust property the ... grantor had, ... at the time of the execution of the ... deed of trust." Ark.Code Ann. § 18–50–111(b) (Michie Supp.1991). Fleet Mortgage obtained all right, title, and interest in the property when the trustee's deed was recorded on June 23, 1992, which occurred before the bankruptcy petition was filed. Under state law, a statutory foreclosure is subject to a judicial review. *See* Ark.Code Ann. § 18–50–116(d) (Michie Supp.1991). Irregularities in a foreclosure proceeding under Ark.Code Ann. §§ 18–50–101 to –116 (Michie Supp.1991), may be grounds to set the sale aside. *See Union Nat'l Bank v. Nichols*, 305 Ark. 274, 807 S.W.2d 36 (1991); Edward H. Schieffler, Note, *Nonjudicial Foreclosure in Arkansas with the Statutory Foreclosure Act of 1987*, 41 Ark.L.Rev. 373 (1988). The debtors have not sought such a determination in an appropriate proceeding.

Therefore, Fleet Mortgage's objection to confirmation is sustained. The debtors shall have twenty days to file a modified plan or the case will be dismissed.

IT IS SO ORDERED.

---

**1.** The debtors also made allegations of other sale irregularities.