The Honorable Jim Argue, Jr. State Representative 5905 Forest Place, #210 Little Rock, Arkansas 72207-5245
Dear Representative Argue:
This opinion is being issued in response to your recent question regarding the time period for requesting a hearing before a municipal civil service commission under the provisions of A.C.A. § 14-51-308. That statute states:
 (a)(1) No civil service employees shall be discharged or reduced in rank or compensation without being notified in writing of the discharge and its cause.
 (2) In case of suspension, discharge, or reduction, the affected or accused person shall have written notice of the action at the time action is taken.
 (b)(1) Within ten (10) days after the notice in writing is served upon the officer, private, or employee, he may, if he so desires, request a trial before the commission on the charges alleged as the ground for discharge.
A.C.A. § 14-51-308.
You have presented the following question:
 Do the "ten days" that are referred to in A.C.A. § 14-51-308 include Saturdays, Sundays, and legal holidays?
It is my opinion that in the absence of a local civil service commission rule that provides to the contrary, the "ten days" that are referred to in A.C.A. § 14-51-308 are ten consecutive calendar days, and therefore do include Saturdays, Sundays, and legal holidays.
Municipal civil service commissions are empowered to establish rules that govern the fire and police departments of their respective cities (within the parameters of all applicable state laws, of course.) A.C.A. §14-51-301. The rules that are established by any given municipal civil service commission may address the question that you have raised. If the rules do, in fact, address this question by stating whether or not the ten days includes weekends and holidays, the rules will govern.
If, on the other hand, the local rules do not address the question, it is my opinion that the "ten day" provision must be interpreted in accordance with the decisions of the Arkansas Supreme Court.
The court addressed the issue that you have raised in Union National Bankv. Nichols, 305 Ark. 274, 807 S.W.2d 36 (1991). At issue there was a statute that required a certain notice to be mailed within "ten days" of recording. The statute did not provide for a method of calculation of the ten-day time period. Addressing the issue of the proper method of calculation, the court noted the requirement that statutory language be given its ordinary meaning. The court held that the ordinary meaning of the phrase "ten days" is ten consecutive calendar days.
I must therefore likewise conclude that in the absence of a local rule to the contrary, the meaning of the phrase "ten days" in A.C.A. § 14-51-308
is ten consecutive calendar days, including Saturdays, Sundays, and legal holidays.
You noted in your correspondence that Rule 6 of the Arkansas Rules of Civil Procedure provides for calculating any time period of less than 11 days that is required by the rules or by "any applicable statute" without including Saturdays, Sundays, and legal holidays. You inquired as to whether the reference in Rule 6 to "any applicable statute" could have the effect of extending the application of that rule to time periods that are prescribed by statutes governing procedures in forums not normally governed by the Rules of Civil Procedure. It does not have that effect.
As the court noted in Union National Bank, supra, the Rules of Civil Procedure are expressly limited to governing only proceedings in the circuit, chancery, and probate courts. See Rule 1. Because of this expressly limited scope of the rules, the reference in Rule 6 to "any applicable statute" clearly means statutes that prescribe time periods for procedures in circuit, chancery, or probate court. Statutes prescribing time periods for procedures in other forums would not be "applicable statutes." Therefore, the reference does not have the effect of extending the scope of the rules to govern procedures in other forums.
I therefore conclude that in the absence of a local civil service commission rule to the contrary, the ten-day provision of A.C.A. §14-51-308 should be interpreted as ten consecutive calendar days, including Saturdays, Sundays, and legal holidays.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh