The Honorable Ernest Cunningham State Representative 727 Columbia Street Helena, Arkansas 72342-2813
Dear Representative Cunningham:
This is in response to your request for an opinion concerning A.C.A. §14-42-206(b)(1) (Supp. 1995). You note that this statutory subsection requires a person desiring to become an independent candidate for municipal office in a city or town with the mayor-council form of government to file a petition of nomination with the county board of election commissioners "not more than eighty (80) days nor less than sixty (60) days prior to the general election by twelve o'clock noon. . . ." Your question in light of this statutory language is as follows:
 Is a petition filed at 2:00 p.m. on the 60th day before the general election filed within the filing period prescribed in 14-42-206(b)(1), or has the filing period expired?
It is my opinion that a petition filed on the sixtieth day before the election (if you are calculating the sixtieth day in the same manner as I am), at 2:00 p.m., is not a timely filing, and if challenged before the pertinent election, could be used as grounds for keeping a candidate's name off the ballot. If such a filing is not challenged until after the election has already been held, however, the filing would nonetheless be deemed "substantial compliance" with the statute and would not afford grounds to oust an incumbent elected after such a filing.
You have cited A.C.A. § 14-42-206 (Supp. 1995) as the relevant statute. It should be noted that another statute (A.C.A. § 7-7-103(d)(2)) also addresses the deadline for filing as an independent candidate for municipal office,[1] and states that such filing must be made "not less than sixty (60) days before the general election." In my opinion this language is indistinguishable, as to the day of the filing, from the language of A.C.A. § 14-42-206 requiring the filing to be not "less than sixty days prior to the general election." The statute you have cited, however, also states that the filing shall be "by twelve o'clock noon."[2] There is no such requirement in A.C.A. § 7-7-103. Section14-42-206 applies to cities and towns with the mayor-council form of government. Section 7-7-103 contains no such limitation. It would appear, therefore, if the city in question is one with the mayor-council form of government, that the noon deadline is applicable, as it is required by the more specific statute addressing such cities. Seegenerally Donoho v. Donoho, 318 Ark. 637, 887 S.W.2d 290 (1994) (general statute does not apply when there is a specific statute covering the particular subject matter).
The relevant statute, therefore, requires the filing to be made, at the latest, not "less than sixty (60) days prior to the general election by twelve o'clock noon. . . ." I have found no Arkansas case detailing the exact manner of the calculation of such time period. It is generally held, however, that in computing time, the first day of the relevant period is excluded, and the last day included. See Hodge v. Wal-Mart,297 Ark. 1, 759 S.W.2d 203 (1988); Herbert v. Hall, 228 Ark. 500,308 S.W.2d 828 (1958); Chavis v. Pridgeon, 207 Ark. 281, 180 S.W.2d 320
(1944); Matthews v. Warfield, 201 Ark. 296, 144 S.W.2d 22 (1940); Shanksv. Clark, 175 Ark. 883, 300 S.W. 453 (1927); and Peay v. Pulaski County,103 Ark. 601, 148 S.W. 491 (1912). Applying this principle, and applying the plain language of the statute you reference, it appears that the day of the general election itself is not included in the calculation, and starting with the day before the general election as "day one" and counting backwards sixty days, the deadline is noon on the sixtieth day. The statute contemplates, in my opinion that filing on the sixtieth day is permissible, as long as the filing is made "by twelve o'clock noon." As long as the filing is made on the sixtieth day by the appointed time, it is not made "less than" sixty days before the election.
Thus, in answer to your question, a filing made on the sixtieth day, but after the appointed time of twelve o'clock noon (at 2:00 p.m.), would be untimely. It has generally been held, however, that compliance with filing deadlines is mandatory if enforcement is sought prior to the election, but is directory if enforcement is not sought until after the election. See Lewis v. West, 318 Ark. 334, 885 S.W.2d 663 (1994); Bakerv. Jacobs, 303 Ark. 460, 798 S.W.2d 63 (1990) (Glaze, J. concurring);Henard v. St. Francis Election Committee, et al., 301 Ark. 459,784 S.W.2d 598 (1990); Stillenger v. Rector, 253 Ark. 982, 490 S.W.2d 109
(1973); Wright v. Sullivan, 229 Ark. 378, 314 S.W.2d 700 (1958); and Ops. Att'y Gen. 94-160; 94-097; and 88-041.
If such a filing were not challenged until after the relevant election, in my opinion a court would hold the filing to be "substantial compliance" with the statute. After the election of a candidate with such a filing, the courts will be unwilling to set aside the will of the electorate on the grounds of such a technicality. See Baker v. Jacobs,supra (Glaze, J., concurring) and generally Reichenbach v. Serio,309 Ark. 274, 830 S.W.2d 847 (1992); Phillips v. Rothrock, 194 Ark. 945,110 S.W.2d 176 (1937); and Swanberg v. Tart, 300 Ark. 304, 778 S.W.2d 931
(1989).
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] You have not inquired as to the requirements of A.C.A. § 7-1-107, which authorizes cities and towns to enact an ordinance requiring independent municipal candidates to file by noon the day before the preferential primary election, and I therefore assume that there either was no such primary for municipal candidates or there is no such applicable ordinance.
[2] It should be noted, however, that this section does not affect "[a]ny municipal judge position that is elected other than citywide." A.C.A. § 14-42-206(c)(3).