Terri PHELAN *v.*
DISCOVER BANK, Bruce Eric Gorham

04-477                                                    205 S.W.3d 145

Supreme Court of Arkansas
Opinion delivered March 10, 2005

*Taylor Law Firm,* by: *Sonya J. Dodson,* for appellant.

*Southern & Allen,* by: *Christian W. Frank,* for appellee.

BETTY C. DICKEY, Justice. Terri Phelan appeals the decision of the Washington County Circuit Court granting Discover Bank's (Discover) motion for new trial and denying Ms. Phelan's request for attorney's fees. On appeal, Ms. Phelan argues (1) the trial court should have excluded both the date of filing and the first day of trial when computing the 14-day statutory period pursuant to Ark. Code Ann. § 16-46-108, and (2) the court should have granted Ms. Phelan's motion for attorney's fees. We affirm on both points.

Discover sued Ms. Phelan to collect on a credit card debt. At trial, Discover attempted to introduce into evidence an affidavit, credit card statements, and an application for Ms. Phelan's account. Ms. Phelan objected to the introduction of this evidence on the grounds that the documents had not been filed "at least 14 days prior to the day upon which the trial . . . commences," in accordance with Ark. Code Ann. § 16-46-108. The affidavit and

supporting documents had been filed on January 13, 2004, and the first day of trial was January 27, 2004. The trial court determined that neither the date of filing nor the first day of trial should be included in the 14-day period, and it excluded the evidence. After objecting to this ruling, Discover rested its case without introducing any additional evidence. The trial court determined that Discover had "failed to meet its burden to establish the account against [Ms. Phelan]," and dismissed the case with prejudice.

On February 18, 2004, Discover filed a motion for new trial, arguing that the trial court had improperly excluded both the date of filing and the date of trial in its computation of time, and asserting that the evidence should have been admitted. Ms. Phelan filed a motion requesting attorney's fees. The trial court granted Discover's motion, stating that it had "miscalculated the number of days prior to trial that the documents in question were filed, and [that] a correct count totals exactly 14 days prior to trial, in accordance with § 16-46-108." In the same order, the court also denied, without explanation, Ms. Phelan's motion for attorney's fees. Ms. Phelan now appeals the trial court's order.

*Motion for New Trial*

█ █ A trial court's decision to grant a motion for new trial is reviewed for abuse of discretion. *Carlew v. Wright*, 356 Ark. 208, 148 S.W. 3d. 237 (2004). Issues of statutory interpretation, however, are reviewed *de novo*. *Nationsbank v. Murray Guard, Inc.*, 343 Ark. 437, 36 S.W.3d 291 (2001).

There is a split of authority on to how to compute a statutory time period when the statute in question requires "at least" or "not less than" a certain number of days. In *Jones v. State*, 42 Ark. 93 (1883), this court, while interpreting a statute that required "at least three days' actual notice," stated, "When a certain number of days are required to intervene between two acts, the day of one, only, of the acts is to be counted, but when a statute requires notice of at least a certain number of days, this means so many full days, and the day of the notice and the act are both excluded from the computation." *Id.*

█ In *State v. Hunter*, 134 Ark. 443 (1918), however, this court came to a different conclusion when addressing a statute that provided that notice shall be filed "not less than 15 days before the election." This court acknowledged the holding in *Jones*, but said, without further explanation, that it did not consider that case to be

controlling. The *Hunter* court held that only one of the days should be excluded when computing the statutory time period.

Although there is authority to support the interpretations of both the *Jones* and *Hunter* courts, the bulk of the authority, and all recent cases, support the interpretation of the *Hunter* court. See *Williamson v. Montgomery*, 185 Ark. 1129, 51 S.W.2d 987 (1932); *Hodge v. Wal-Mart Stores, Inc.*, 297 Ark. 1, 759 S.W.2d 203 (1988); but see *Moore v. State*, 52 Ark. 265, 12 S.W. 562 (1889). This court has applied the "exclude-one-day" rule in a variety of situations. *Hodge*, 297 Ark. 1 (where injured party refiled suit exactly one year after voluntarily filing nonsuit, day of filing nonsuit should have been excluded); *State ex rel. Herbert v. Hall*, 228 Ark. 500, 308 S.W.2d 828 (1958) (where governor must veto bill within five days of receiving it, day of receipt is excluded); *Chavis v. Pridgeon*, 207 Ark. 281, 180 S.W.2d 320 (1944) (where notice of appeal to circuit court must be given within 30 days, exclude day on which lower court judgment was rendered); *Matthews v. Warfield*, 201 Ark. 296, 144 S.W.2d 22 (1940) (where election must be contested within ten days, exclude day on which results are certified); *Shanks v. Clark*, 175 Ark. 883, 300 S.W. 453 (1927) (five-year limitation period for recovery on a note begins to run the day after the note is due).

The *Hunter* court's interpretation is reinforced by our statutes and rules of civil procedure. Ark. R. Civ. P. 6(a) specifically states:

> In computing any period of time prescribed or allowed by these rules, by order of the Court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included.

In addition, § 16-55-119 (1987) provides:

> Where a certain number of days are required to intervene between two (2) acts, the day of one (1) only of the acts may be counted.

As this court noted in *Hodge*, this is an area of the law in which uniformity can easily be achieved. 297 Ark. at 2. We hold that it is proper to exclude either the date of filing or the first day of trial when computing the 14-day statutory period pursuant to § 16-46-108, but that it is improper to exclude both dates from the computation. The trial court did not err in granting Discover's motion for new trial.

*Motion for Attorney's Fees*

■■ Ms. Phelan next argues that the trial court erred in denying her motion to award attorney's fees. A trial court's decision regarding the award of attorney's fees is reviewed for abuse of discretion. *Nelson v. River Valley Bank & Trust*, 334 Ark. 172, 971 S.W.2d 777 (1998). Ms. Phelan contends that the trial court abused its discretion in denying her motion because the court did not explicitly state why it had chosen to deny the motion. A trial court abuses its discretion when it makes a decision that is arbitrary or capricious. *Webber v. Webber*, 331 Ark. 395, 962 S.W.2d 345 (1998). According to Ms. Phelan, a court acts in an arbitrary and capricious manner any time it makes a ruling that is "without discussion and without reason." There is no authority to support this proposition. The only case cited by Ms. Phelan that is on point, *Bailey v. Rahe*, 355 Ark. 560, 142 S.W.3d 634 (2004), held that the lower court abused its discretion in awarding attorney's fees, not because the trial court had failed to give an explanation for its decision, but because "we are unable to discern exactly on what basis it did so." In this case, the trial court denied Ms. Phelan's request for attorney's fees in the same order in which it granted Discover's motion for new trial. It is clear that the lower court's decision was based on the fact that, once it had determined that a new trial was in order, Ms. Phelan was no longer the prevailing party and, therefore, no longer entitled to attorney's fees. See *Burnette v. Perkins & Associates*, 343 Ark. 237, 33 S.W.3d 145 (2000). The trial court did not abuse its discretion in denying Ms. Phelan's motion for attorney's fees.

Affirmed.